Tellip et al., Appellants, *v.* Home Life Insurance Company of America.

Argued March 1; 1943. Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt, Kenworthey, and Reno, JJ.

*John W. Bour,* with him *Nicholas Dano,* for appellants.

*Arthur S. Arnold,* with him *Abe J. Goldin* and *Edward A. DeLaney,* for appellee.

Opinion by Hirt, J., April 13, 1943:

Judgment was entered for defendant for want of a sufficient plaintiffs' reply to new matter set up in the

affidavit of defense. The single question is whether plaintiffs brought their action in time. It is their contention that a contractual limitation in the policy reducing the time for bringing suit is ineffective and that in any event defendant is estopped from enforcing the provision. The facts are not in dispute.

Defendant on March 21, 1930, issued a policy of insurance for $2,000 on the life of Pauline Tellip in which plaintiffs were named as beneficiaries. On June 14, 1933, she borrowed $168 from defendant on the security of the policy. The quarterly premium due on June 21, 1935 was not paid and there was default in the payment of all subsequent premiums. The insured died on August 27, 1937. Formal proofs of death were waived by the defendant but payment was refused on the ground that after satisfaction of the loan out of the cash value, the policy by its terms continued in force as automatic extended insurance only until November 21, 1936, when the insurance terminated. In the policy there is a provision for automatic extended insurance based upon the table of values contained in it, "less any existing indebtedness to the company on the policy." Limiting the right of action, the policy provides: "No suit or action at law or in equity shall be maintained hereunder unless actually begun within two years after the cause of action shall accrue." This suit was not brought until October 28, 1941, more than four years after the death of insured. It is plaintiffs' contention that the provision requiring suit "within two years" is an attempt to limit the right of action to. *less* than two years and that the limitation violates the Act of May 17, 1921, P. L. 682. That act in §511(b), 40 PS 511 prohibits the issue or delivery of a policy if it contains "any provision limiting the time within which any action at law or equity may be commenced to *less than two years* after the cause of action shall accrue." (Italics added.)

Whatever the construction of similar language elsewhere, it is settled in this State that the provision in the policy is enforceable. "When an Act of Assembly requires a thing to be done *within* a certain time from or after a prior date, and deprives the party of a right for omitting it, the most liberal construction is to be chosen, and the furthest time given from which the reckoning is to be made. In other words, the day from or after which the count is to be made, is to be excluded in computing the time within which the act may be done." *Menges v. Frick,* 73 Pa. 137. In that case, suit brought October 6, 1868 on a right of action which arose on October 6, 1862, was held to be timely under the general statute of limitations, 12 PS 31, which requires that actions for account be brought *"within* six years next after the cause of such action or suit, and not after."* The Supreme Court in *Gibson v. Pittsburgh Trans. Co.,* 311 Pa. 312, 166 A. 842, adhered to the same rule in construing the Act of April 26, 1855, P. L. 309, 12 PS 1603 which provides that an action shall be brought *"within* one year after the death, and not thereafter." (Italics added.) In that case the death occurred on May 7, 1931, and the praecipe for writ of summons was filed on May 7, 1932. The principle of construction, adopted in our cases, was given statutory statement in the Act of May 28, 1937, P. L. 1019, §38, 46 PS 538, which provides: "When any period of time is referred to in any law, such period in all cases [with exceptions which are not applicable] shall be so computed as to exclude the first and include the last day of such period." The language of the policy must be construed in accordance with these principles. And the contractual limitation cannot have one meaning under the rule of strict construction against the insurer (7 Couch on Insurance, §1628) and a different application under a liberal construction *(Menges v. Frick,* supra) in favor of the insured. Since suit in

this case if it had been brought on August 27, 1938 would have been sustained, there is no conflict between the 1921 Act and the provision of the policy. In its relation to the time when an action may be brought, "within two years" is not "less than two years."

Defendant is not estopped from invoking the provision of the policy as a bar to plaintiffs' right of action. It is a fundamental principle that fraud of an insurer tolls the limitation on a right of action whether statutory or contractual and the limitation becomes effective only from discovery or from the date when, with reasonable diligence there ought to have been discovery. And "If by any act of concealment or deceit ...... the wrongdoer hides from the innocent party the facts which would put him on inquiry, the statute [or contractual limitation] does not begin to run": *Deemer v. Weaver*, 324 Pa. 85, 187 A. 215; *Arlotte v. Nat. Liberty Ins. Co.*, 312 Pa. 442, 167 A. 295.

A difficulty confronting plaintiffs is the fact that defendant did nothing to mislead them or to lull them into inaction until the time for bringing suit had passed. Defendant fulfilled its obligation to the plaintiffs of "the utmost fair dealing": *Fedas v. Ins. Co.*, 300 Pa. 555, 151 A. 285. In response to an inquiry as to the status of the policy, defendant wrote plaintiffs on November 5, 1937, nine days after the death of insured: "You have already been advised by our special representative ...... that the policy lapsed for nonpayment of premium at which time it was placed in the extended insurance class and that the extended insurance expired prior to the death of the insured. The policy, therefore, has no value." This is a categorical denial of liability and there were no subsequent negotiations between the parties which opened the question. The refusal of the company to recognize liability did not relieve the plaintiffs from bringing suit within the period of the limitation since the refusal was unequivo-

cal and final. *Farmers' Mut. Fire Ins. Co. v. Barr,* 94 Pa. 345; *Abolin v. Farmers Amer. M. F. I. Co.,* 100 Pa. Superior Ct. 433. There was no obligation on defendant to do more. Plaintiffs had possession of the policy and in this respect the case differs from those relied on by them.[1] They knew the amount of the loan against the policy and could compute the accrued interest; they knew the date to which the premiums had been paid. The policy contained a table showing clearly that the paid up value at the end of the fifth year was $228, which, but for the loan, would have automatically extended the policy according to the table, as term insurance, for eight years and three months. The loan reduced the term of extended insurance proportionately. *Toncich v. Home Life Insurance Co.,* 309 Pa. 336, 163 A. 673. Defendant notified plaintiffs to the effect that the remaining cash value to the credit of the policy had been exhausted by the purchase of term insurance expiring prior to the death of insured. From the information at hand or readily available, plaintiffs could have determined whether defendant's computation was correct. Plaintiffs' printed argument concedes that the problem was "entirely mathematical." There are no facts which relieved them from bringing suit within the period stipulated in the contract.

Judgment affirmed.

---

[1] *Rapochi v. Continental Ins. Co.,* 121 Pa. Superior Ct. 538, 184 A. 308; *Arlotte v. Nat. Liberty Ins. Co.,* supra; *Sgro v. Stuyvesant Ins. Co.,* 132 Pa. Superior Ct. 444, 1 A. 2d 554.