## Murdock v. John B. Stetson Co.

*Michael Edelman,* for plaintiff.
*Harry E. Sprogell,* for defendant.

GOLD, P. J., August 5, 1963. Plaintiffs filed a petition in escheat against John B. Stetson Company setting forth that the value of certain merchandise represented by unredeemed gift certificates sold by Stetson had escheated to the Commonwealth. The facts have been stipulated and we now have before us plaintiffs' and defendant's motion for judgment. Respondent, a corporation chartered under the laws of the Commonwealth of Pennsylvania, sold and issued what are termed "gift certificates" of two types. The first type is the retail store certificate and provides that a Stetson hat of $——— quality will be supplied upon presentation of the certificate to a specifically named store.

The second type is the "National" certificate and provides that a Stetson hat will be supplied upon presentation of the certificate at any Stetson store which is a member of the "Stetson National Gift Certificate Plan."

Regardless of the differences shown above, in each instance respondent issued the certificate upon receipt by it of the amount set forth on the face of the certificate. In addition, each certificate contained the following language:

"This certificate is invalid one year from the date of issue."

In each instance the amount received by respondent upon the issue of a certificate was entered by respondent in its books and records as a liability. When certificates were not presented for a period of six years, respondent wrote off the amounts which had been carried for such certificates, and transferred them, net of charges, to profit and loss.

Plaintiffs here seek a monetary award representing the approximate wholesale price of the hats for which certificates were issued plus interest.

Escheats are strictly the creature of statute: Wallace v. Harmstad, 44 Pa. 492 (1863), and, generally, are not favored by the law: 30 C. J. S. Escheat, §2, p. 1165. Under the Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, sec. 58, 46 PS §558, the escheat statute must be strictly construed and any doubt as to whether property is subject to escheat is resolved against the Commonwealth: 19 Am. Jur. §14, p. 386.

Fundamental to the issue of this case is whether the Commonwealth has proven that unpresented unredeemed "gift certificates" can be considered as falling within the definition of property as contained within the escheat statute, in view of the terms of the contract and the subsequent action of Stetson in foreclosing the rights of the certificate holders.

The Act of May 2, 1889, P. L. 66, sec. 3, as amended by the Act of July 29, 1953, P. L. 986, sec. 1, 27 PS §333, provides as follows:

"(c) Whensoever any real or personal property within or subject to the control of this Commonwealth has been or shall be and remain unclaimed for the period of seven successive years, such real or personal property, together with the rents, profits, accretions and interest thereof or thereon, shall escheat to the Commonwealth, subject to all legal demands on the same."

The Commonwealth's claim is entirely derivative; it cannot create or revive claims which never existed but must stand in the position of the unknown owner with the exception that the Commonwealth is not bound by the statutory limitation on actions: State v. Sperry & Hutchinson Co., 49 N. J. Super. 165, 139 A. 2d 463

(1958) ; Philadelphia Electric Company Case, 352 Pa. 457 (1945).

It is undisputed that the "certificate" when delivered, was valid and operative as a contract. It is not enough to show that a primary contractual obligation was created by the making of a valid contract; it is also necessary to show that it became the respondent's duty of making immediate performance in accordance with the primary obligation. By the very terms of the "certificate" Stetson's duty to perform was not to ripen unless and until the certificate was presented to it by the holder thereof. This condition precedent never having occurred, its obligation never became due at all: 3A Corbin on Contracts §741. This point was raised in the case of State v. Sperry & Hutchinson Co., 49 N. J. Super. 165, 139 A. 2d 463 (Chancery Division) (1958), where the State of New Jersey attempted to escheat money which defendant had received for unredeemed trading stamps. The court, at page 468, held: (1) the stamps themselves must be presented for redemption before any right to redemption exists; (2) there was no proof as to any individual holder's having owned the prescribed minimum necessary to redeem (one "book" completely filled with stamps). The appellate division affirmed the lower court on the second ground but did not discuss the first ground. 56 N. J. Super. 589, 153 A. 2d 691 (1959).

Finally, whatever the nature of Stetson's obligation to respond to holders of gift certificates, each certificate by its terms was invalid one year after sale and the Commonwealth is bound by this contractual term: Tellip v. Home Life Insurance Company of America, 152 Pa. Superior Ct. 147 (1943) ; The North Western Insurance Company v. Phoenix Oil and Candle Company, 31 Pa. 448 (1858). It was argued that the rights of the certificate holders were only theoretically cut off by the terms of the contract at the end of one year.

However, when Stetson transposed the amounts which had been carried for certificates as a liability to its profit and loss account, we pass the point of theorizing. Such a transfer obligated Stetson to pay income taxes on the funds thus allocated. By doing so, Stetson irrevocably foreclosed the rights of the certificate holders, and since the Commonwealth's rights are derivative, there is no residual contractual right to enforce. It is true this Stetson action results in enforcement in the nature of a penalty, but as we see the situation, this is not the type of penalty which the law forbids.

Accordingly, plaintiffs' motion for judgment is denied. Respondent's motion for judgment is granted.

*Opinion sur Exceptions to Adjudication*

GOLD, P. J., September 29, 1963.—We have carefully reviewed the exceptions filed by the Commonwealth and the able briefs furnished by both parties to this escheat matter, and we are convinced that the exceptions must be dismissed.

To be successful here, the Commonwealth has to leap over several statutory hurdles, each of which if toppled over, disqualifies it from entering the winner's circle. In our first opinion we adverted to these obstacles; we do so again and in so doing we reemphasize the burden placed upon the Commonwealth of showing that certain debts or claims were due and payable to certain individuals known to be in existence at the time of the proposed escheat. Stating the case somewhat differently and availing ourselves of the language of the New Jersey Supreme Court in State v. Sperry and Hutchinson Co., 31 N. J. 385, 157 A. 2d 505 (1960):

"We cannot find in the record sufficient evidence of specifically identifiable property subject to escheat or custody . . ."

On the other main question, we cannot see how the Commonwealth can hurdle the bar of the logic of the

decision in Slattery v. Illinois Bell Telephone Co., 102 F. 2d 58, cert. denied, 307 U. S. 648 (1939).

The exceptions are dismissed.