**Robert E. PERRINE, Plaintiff,**

v.

**Lafayette B. HEISHMAN, and Mary C. Heishman, t/d/b/a Heishman Texaco Service and Heishman, Inc., Defendants.**

**Civ. A. No. 9290.**

United States District Court
M. D. Pennsylvania.
April 21, 1966.

on February 28, 1964. The Complaint is stamped and marked, showing that it was filed by the Clerk of this Court on March 1, 1966. The defendants have filed three motions, to wit: (1) Motion for summary judgment, alleging that the applicable Pennsylvania Statute of Limitations [1] bars this action; (2) Motion to dismiss on the ground that the jurisdictional amount in excess of $10,000 is not involved; and (3) Motion to dismiss as to the defendant, Heishman, Inc., for lack of jurisdiction. Both parties have submitted briefs on these motions. The motion for summary judgment will be considered first.

This Court takes judicial notice of the fact that the applicable Statute of Limitations provides that this action must be brought within two years. In computing the time in which the action must be brought, in Pennsylvania, the day on which the cause of action arose is omitted and the last day of the period is included. See Tellip v. Home Life Ins. Co., 152 Pa.Super. 147, 150, 31 A.2d 364 (1943). Thus the last day for the plaintiff to have brought this action was February 28, 1966. The filing of the Complaint with the Clerk of Court will toll the Statute of Limitations. In regard to this, the plaintiff maintains that since 1964 was a leap year, the Complaint did not have to be filed until March 1, 1966. If the accident had occurred on February 29, 1964, this argument would be applicable, but under these facts, the fact that 1964 was a leap year is irrelevant.

This Court is familiar with the case of Johnson v. Esso Standard Oil Co., 181 F.Supp. 431 (W.D.Pa.1960), and is completely in accord therewith. However, the records before this Court do not present any evidence that there are similar circumstances present in the instant case. Here the Complaint was not mailed

---

Daniel W. Shoemaker, York, Pa., for plaintiff.

Caldwell, Fox & Stoner, Harrisburg, Pa., for defendants.

FOLLMER, District Judge.

In this diversity action, the plaintiff, Robert E. Perrine, has filed a Complaint claiming damages for injuries suffered in a Pennsylvania accident that occurred

1. 12 P.S. § 34, which section provides in part:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards;
\* \* \*"

from York, Pennsylvania, until February 28, 1966, and the Clerk of Court in Harrisburg, Pennsylvania does not have a Post Office Box, nor are there any other allegations that indicate delivery of the Complaint to the Clerk on any other date than March 1, 1966.

The Complaint was filed and the plaintiff's action was commenced on March 1, 1966. This action is barred by the Statute of Limitations. In view of the action thus taken on the motion for summary judgment, it will be unnecessary to pass on the second and third motions. The defendants' motion for summary judgment will be granted.