466 P.2d 36

**G. L. GIBBONS, Appellant,**

v.

**BADGER MUTUAL INSURANCE COMPANY, a corporation, and R. E. Pruitt, Jr., and Bernice Pruitt, his wife, Appellees.**

**No. 1 CA–CIV 929.**

Court of Appeals of Arizona, Division 1.

March 4, 1970.

Rehearing Denied April 17, 1970.

Review Denied May 12, 1970.

486

Cavness, DeRose & Senner, by John W. Rood and George F. Senner, Jr., Phoenix, for appellant.

Anderson & Holloway, by Paul W. Holloway and Jack M. Anderson, Phoenix, for appellee Badger Mut. Ins. Co.

Jennings, Strouss & Salmon, by Nicholas Udall, Phoenix, for appellees R. E. Pruitt, Jr. and Bernice Pruitt.

KRUCKER, Judge.

Plaintiff-appellant, G. L. Gibbons, sued defendants-appellees, Badger Mutual Insur-

ance and its agent, R. E. Pruitt, for damages, on several theories, for the destruction by fire of plaintiff's business. The trial court granted defendants' motion to dismiss, and in the alternative, motion for summary judgment. Plaintiff appeals.

Construing the facts most favorable to the party opposing the motion, they are as follows. Mr. Gibbons owned two business properties, one in Pima County, Arizona, and one in Coconino County, Arizona. The Coconino County property was actually held as an Arizona corporation wholly owned by Gibbons. On or about September 7, 1962, Mr. Gibbons delivered to his insurance broker, Mr. Pruitt, a request that the insurance coverage on the Pima County property be transferred to the Coconino County property. No transfer of coverage was made, although the premiums were paid throughout this period. On January 24, 1963, the Coconino County property was wholly destroyed by fire. The company commenced investigation when a claim was made because they were unable to find any record of plaintiff's alleged request for a coverage transfer. Finally the company denied coverage in March, 1963. On November 3, 1965, Mr. Pruitt located the request and sent a letter to defendant Badger so stating. On November 1, 1967, plaintiff filed suit.

Plaintiff ultimately filed three complaints before the hearings on the motion to dismiss ended. The trial court entered judgment originally as to the first amended complaint, but granted leave to file a second amended complaint against which it also decreed judgment, finding that:

"* * * the defenses asserted by * * * defendants * * * in their motions for summary judgment and other pleadings are valid as to the allega-

tions contained in the Second Amended Complaint."

Assuming that pleading was the last and best pleading of plaintiff, the following theories of recovery were presented.

First, plaintiff on his own behalf and on behalf of the corporation alleges a contract of insurance existed between the parties based on memorandum and continued premium payments. Second, plaintiff sought to recover for the negligent failure of Mr. Pruitt to transfer the coverage. Coincident with this second claim, plaintiff contends that defendant Pruitt misled plaintiff for considerable time into believing that no request for transfer of coverage had actually been received by his office and that his delay in bringing suit might ultimately be barred by a one-year limitation period.[1] Lastly, plaintiff contends Mr. Pruitt represented no request for coverage transfer had been made and asked plaintiff not to bring suit; that he would see that coverage was honored. Plaintiff alleges he relied upon these misrepresentations, and his delay resulted in a bar by the one-year limitation period. This denominated cause of action first so appears in the second amended complaint, although the facts therein are not newly presented, just reorganized.

Plaintiff here on appeal makes the following allegations of error:

(1) The trial court erred in not finding an insurance contract.

(2) The trial court erred in finding the limitation period in the contract was valid.

(3) The trial court erred in applying the limitation period to the negligence claim.

(4) The trial court erred in denying recovery for fraud.

1. This limitation period is found in the Arizona Standard Fire Policy, A.R.S. § 20–1503. Plaintiff admitted its existence in his first amended complaint and by reference in a requested admission dated February 13, 1968, question No. 9. These admissions, while later repudiated by plaintiff in a responding memorandum to defendant Badger's Reply Memorandum dated February 28, 1968, were never set aside.

For purposes of this case, we therefore conclude the Standard Fire Policy with its limitation provision was the policy of coverage in dispute, by admission.

(5) The trial court erred in finding plaintiff was an improper party to maintain the action.

(6) The trial court erred because there were material issues of fact

Before proceeding to a discussion of these points, we believe it appropriate to answer defendants' contentions that the plaintiff's appeal was untimely and that this court's determination must be to dismiss. Specifically, defendants contend the following. On May 20, 1968, formal written judgments were entered granting defendants summary judgment as based on plaintiff's first amended complaint. Three days later, on May 23, 1968, the plaintiff filed a pleading entitled "Motion for rehearing and amendment of Minute Entry." The motion requested a rehearing of the summary judgment and a request to file a second amended complaint. The trial court set a time to hear plaintiff's motion for rehearing and at that time it considered the proposed second amended complaint and defendants' opposition thereto. The court then entered a second judgment on June 27, 1968. In that second judgment the judge ordered that the prior rulings granting the motion for summary judgment stand and that the defenses asserted by defendants were valid as to the second amended complaint, which the court permitted to be filed. Plaintiff's notice of appeal from the June judgment was filed August 13, 1968, within the sixty days period from the June judgment. It would be late, however, if counted from the May judgment.

Defendants contend that the June judgment was void as there is no authority to allow rehearing of a formal judgment once entered, unless there are grounds to set it aside under Rule 60(c), Rules of Civil Procedure, 16 A.R.S. Therefore, they contend that since the second June judgment was invalid, the filing of this appeal is late because the 60-day period began to run from the May 20 judgment. Defendants also insist the motion for rehearing can't be construed as a Rule 60(c) motion or a

Rule 59(*l*) motion to amend judgment, the latter of which would extend the time to appeal to the June judgment date as stated in Rule 73(b), Rules of Civil Procedure, 16 A.R.S., and the former of which is an appealable special order after judgment, A.R.S. § 12–2101. Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963).

This case, and particularly these issues, were presented to Division One of this court when it initially took this appeal into consideration. Defendants moved to dismiss the appeal. The court denied the motion and made a threshold inquiry finding that it had a timely appeal from one of the judgments. The court also recognized that no appellate procedure specifically exists to authorize a motion for rehearing, but reserved its right to consider the questions at appeal. Defendants then attempted to prohibit the court from so considering the issues on appeal, but the Supreme Court denied their Writ of Prohibition without comment. Consequently, the questions posed are available here for resolution.

We have considered the substance of these proceedings and have decided that the judgment filed May 20, 1968, was a final judgment. The motion three days later, however denominated, was directed at vacating that final judgment and reconsidering the entire matter, substantially a request for a Rule 60(c) determination. We believe that the trial judge, on hearing the arguments made, rightly determined that nothing new was being argued and that therefore the prior judgment should stand. As stated in State v. Brown, 9 Ariz.App. 323, 451 P.2d 901 (1969), in which Rule 60(c) (6) was used to reopen a criminal case post conviction and incarceration:

"Rule 60(c) was never meant to be used to relitigate issues already raised by motion and heard before the court. * * * It is not to be used merely because defendant is unhappy with the result. * * *" 451 P.2d at 903.

We believe here the trial court properly rejected plaintiff's motion to rehear when

it determined nothing new was being offered.

█ Likewise, having determined plaintiff substantially made a Rule 60(c) motion, his appeal taken therefrom is proper, as indicated earlier, as an appeal from a special order after judgment, A.R.S. § 12–2101.

We therefore proceed to the substantive arguments made as to plaintiff's individual claims.

█ Without covering every allegation presented by plaintiff, we believe the statutes of limitations are dispositive of the issues in this case. As to plaintiff's first cause of action on the alleged policy coverage, the policy contains the following:

"SUIT. *No suit or action on this policy* for the recovery of any claim *shall be sustainable* in any court of law or equity *unless* all the requirements of this policy shall have been complied with, and un-less *commenced within twelve months next after inception of the loss.*" (Emphasis added)

A.R.S. § 20–1115 says, in pertinent part:

"A. No policy delivered or issued for delivery in this state and covering a subject of insurance resident, located or to be performed in the state, shall contain any condition, stipulation or agreement:

\* \* \* \* \* \*

"3. Limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. *In property* and marine and transportation *policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss.*" [2]

In addition, the Arizona Supreme Court has voided any policy provision limiting re-covery to a period under one year. Massachusetts Bonding and Insurance Company, v. Lentz, 40 Ariz. 46, 9 P.2d 408 (1932); Gill v. Manhattan Life Insurance Company, 11 Ariz. 232, 95 P. 89 (1907).

██ Plaintiff's contention here is that since the policy reads "within" one year it is void because that must mean one day less than one year. We believe this contention is incorrect. In Johnson v. Phoenix Assurance Company of New York, 70 Wash.2d 726, 425 P.2d 1 (1967), the Washington Supreme Court was confronted with an identical argument. It acknowledged that there is a split of authority on the question, but concluded that the policy provision of "within" one year did not violate the statutory prohibition against limitations of "less than" one year. We agree. Tellip v. Home Life Ins. Co. of America, 152 Pa.Super. 147, 31 A.2d 364 (1943); Schlitz v. Lowell Mut. Fire Ins. Co., 96 Vt. 334, 119 A. 516 (1923); Muse v. London Assur. Corp., 108 N.C. 240, 13 S.E. 94 (1891); contra, Fire Ass'n of Philadelphia v. Rich-ards, 179 S.W. 926 (Tex.Civ.App.1915). The one-year period for commencement of a suit on the policy having expired, plaintiff's first cause of action is barred.

█ Plaintiff's second cause of action is one in negligence. He contends Mr. Pruitt's failure to transfer coverage and his misrepresentations constitute actionable negligence. Despite the interesting issues raised by this claim, we must agree with the trial court's apparent determination that it too is barred by the Arizona statute of limitations on negligence, A.R.S. § 12–542. We believe the action here began to run in March, 1963, when the insurance company officially notified plaintiff that it would acknowledge no coverage for the fire loss. At that time, plaintiff may not have known that the company indeed knew

---

2. Property insurance includes fire insurance. This is shown by A.R.S. § 20–256, quoted below:

" 'Property insurance' is insurance on real or personal property of every kind and interest therein, against loss or damage from any or all hazard or cause, and against loss consequential upon such loss or damage, other than non-contractual legal liability for any such loss or damage."

of his request for transfer of coverage, but he nevertheless did know he had caused such notification to be delivered at their place of business and that no action had been taken thereon and that ultimately he had been not only denied coverage by the company, but that Mr. Pruitt's promises to honor his claim were ineffective.

■ Lastly, plaintiff presents a third cause of action based on Mr. Pruitt's fraud. For purposes of discussion we assume this cause of action, presented for the first time in the second amended complaint, was substantively before the trial court. Plaintiff contends Mr. Pruitt promised to see that the coverage was honored, although he had no record of their ever renewing the request for transfer of coverage. Plaintiff, in addition, contends he was asked not to sue. We believe this action also is barred by the three-year statute of limitations for fraud, A.R.S. § 12–543. The action accrued when the company expressly denied coverage in March, 1963. Plaintiff knew he had delivered the transfer of coverage request and that the company's denial of its receipt was false. He also knew he had been denied coverage and damaged as a result. He could have sued for fraud at that time. The fact that the company did not acknowledge its receipt of the transfer request until 1965 only eased plaintiff's proof as to the fact of misrepresentation. He knew they had received the request for transfer of coverage because he had delivered it.

Judgment affirmed.

HOWARD, C. J., and EUBANK, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge WILLIAM E. EUBANK was called to sit in his stead and participate in the determination of this decision.