496 P.2d 144

Patricia V. BRAND, Appellant,

v.

Selig DOLGIN and Molly Dolgin, husband and wife, et al., Appellees.

No. I CA–CIV 1622.

Court of Appeals of Arizona,
Division 1.

April 27, 1972.

Rehearing Denied May 18, 1972.

Review Denied July 11, 1972.

Machmer & Schlosser, Ltd. by Robert H. Schlosser, Phoenix, for appellant.

Gorodezky, Marron & Diamond, by Stephen R. Lea, Phoenix, for appellees.

KRUCKER, Chief Judge.

This appeal challenges the propriety of granting summary judgment to the appellees, defendants below, in a suit arising out of a contract for the sale of real estate between the Dolgins as vendors and appellant as vendee.

In order to properly understand the posture of the case when the defendants' motion for summary judgment was presented, a detailed analysis of the pertinent pleadings and documentary exhibits is necessary.

The plaintiff's complaint, denominated "On Contract", set forth two claims for relief. It alleged that on or about August 12, 1958, the plaintiff and defendants entered into the aforementioned realty agreement; that the plaintiff commenced to make payments as called for by the agreement, and had made delinquent payments when the escrow agent sent her notices of forfeiture; that on January 27, 1961, the escrow agent recorded a quit-claim deed from the plaintiff to the Dolgins which had been held by

the escrow agent from the time the agreement was executed; that the recordation of the deed was a void transaction for the reason that notice of forfeiture was sent January 16, 1961, and therefore A.R.S. § 33–741, subsec. A, par. 1 had not been complied with; that she continued to make payments to the defendants in accordance with the agreement and sent checks labeled "house payment" to the defendants (which they cashed) from March, 1961 through August, 1963, in the total sum of $3,080; and that she leased the subject premises on August 12, 1963, for a one-year period to certain individuals from whom the defendants collected the rent called for under the terms of the lease.

It was further alleged that subsequent to January 1964, the plaintiff learned of the recordation of the quit-claim deed; that prior to January 29, 1964, the defendants had not had possession of the subject property nor collected any rents therefrom but subsequent thereto they refused to return possession of the property and had enjoyed the rents and profits therefrom; that plaintiff had requested possession of the house and its contents but the defendants refused to relinquish possession or give plaintiff the rents and profits therefrom; and that the recorded quit-claim deed was void and of no force and effect for the reason that the defendants' continued acceptance of payments constituted a waiver of the forfeiture. The relief requested by the plaintiff was a judicial declaration that the attempted forfeiture of her interest in the property was void and an order of restitution, or in the alternative, an accounting and restitution of all sums paid to the defendants after January 27, 1961.

The second claim for relief was one sounding in fraud, i. e., the plaintiff had been damaged by justifiably relying upon the defendants' conduct in accepting payments after January 27, 1961.

The responsive pleading [1] alleged that the plaintiff had knowledge of the recorda-

---

1. The responsive pleading was filed by defendant Molly Dolgin, and alleged that

Selig Dolgin had died on August 18, 1961.

tion of the quit-claim deed on February 20, 1961; that her interest had been forfeited in strict compliance with statutory requirements and the terms of the agreement, and that any sums paid after the date of forfeiture constituted rental payments. As one affirmative defense, the defendants asserted the bar of the statute of limitations and the subsequent motion for summary judgment, which was granted, did likewise.

■ Plaintiff contends that the existence of factual issues precluded the granting of summary judgment. We agree that if there is the slightest doubt as to whether or not there is an issue of fact, such doubt, in the face of a motion for summary judgment, should be resolved in favor of a trial on the merits. O'Brien v. Scottsdale Discount Corp., 14 Ariz.App. 224, 482 P.2d 473 (1971). However, we have recognized that the defense of the statute of limitations may be raised by a motion for summary judgment and also by motion to dismiss when it conclusively appears from the face of the complaint that the claim is barred. Weller v. Weller, 14 Ariz.App. 42, 480 P.2d 379 (1971). We shall consider the two claims for relief *seriatim*.

## FRAUD CLAIM

■ Plaintiff's pleading admitted "that since January 29, 1964, the defendants Dolgin have refused to return possession of the above-described house to the plaintiff." By her own admission she knew that the Dolgins in January, 1964, were denying her claimed interest in the subject property. Her fraud claim accrued at that point in time, *see*, Gibbons v. Badger Mutual Insurance Co., 11 Ariz.App. 485, 466 P.2d 36 (1970), and therefore the complaint filed in October, 1968 was barred by the three-year limitations period of A.R.S. § 12–543.

## CONTRACT CLAIM

■ Construing the complaint in favor of the pleader, her first claim for relief appears to be founded upon a contract in writing, namely, the 1958 agreement. The statutory grace periods prescribed by A.R.S. § 33–741 run from the date of default and not from the date of notice of termination, Sturm v. Heim, 95 Ariz. 300, 389 P.2d 702 (1964), and therefore compliance with the statute is not determined by the date that the notice of forfeiture was mailed to the plaintiff. The plaintiff alleged in her complaint that recordation of the quit-claim deed on January 27, 1961, was void under A.R.S. § 33–741, subsec. A, par. 1, which afforded her a 30-day grace period. Appended to the motion for summary judgment was a copy of the declaration of forfeiture executed by the Dolgins, reciting six months' delinquency. On this state of the record, showing expiration of more than 30 days, which was not controverted, the recordation of the deed was, as a matter of law, valid.

Also appended to the motion for summary judgment was (1) a copy of a complaint filed in Maricopa County Superior Court Cause No. 124005, entitled Dolgin v. Brand, (2) a copy of an alias summons relating thereto, and (3) a copy of the process server's affidavit of service indicating service on March 16, 1961, at the plaintiff's dwelling house in accordance with Rule 4(d)(1), Rules of Civil Procedure, 16 A.R.S. The complaint for unlawful detainer contained various allegations concerning the subject property including one as to recordation of the quit-claim deed on January 27, 1961.

■ Assuming *arguendo* that the plaintiff's first claim for relief sought recovery of the money paid pursuant to the 1958 written contract, the six-year limitations period of A.R.S. § 12–548 controls. Pima Farms Co. v. Elliott, 32 Ariz. 342, 258 P. 304 (1927). The exhibits appended to the motion for summary judgment show that plaintiff had knowledge in 1961 of the forfeiture of her interest in the property. When a *prima facie* showing that no factual issue exists is made by one moving for summary judgment, the party opposing the motion has the burden of showing that there is an issue and evidence available which would justify trial of such issue. Robbins Inv. Co. v. Green Rose Associates,

Inc., 8 Ariz.App. 596, 448 P.2d 440 (1968). Therefore, in resisting the motion for summary judgment, plaintiff had the burden of showing some available proof that she did not have knowledge of the forfeiture in 1961. This she failed to do. There being no factual issue as to when her cause of action accrued, more than six years had elapsed when suit was filed in October, 1968, and the contract claim was barred by A.R.S. § 12–548.

Since summary judgment was appropriate, we affirm.[2]

HOWARD and HATHAWAY, JJ., concur.

2. The record reflects that Molly Dolgin died in 1970 and that the motion for summary judgment was filed by Mitchell Dolgin, executor of the estate of Molly Dolgin. Although the record reflects a motion for substitution of parties, we find no formal order substituting Mitchell Dolgin. It would be appropriate, when the record is returned to superior court, to correct same accordingly.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.