**Diane MOORE, Plaintiff/Appellant,**

v.

**R.G. INDUSTRIES, INC., Rohm Gescellschaft and John Does I–C., Defendants/Appellees.**

No. 84–2534.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1985.

Decided Feb. 25, 1986.

Designated for Publication May 20, 1986.

James E. Rooks, Jr., Washington, D.C., Darrell Panethiere, Dallas, Tex., for plaintiff/appellant.

Jonathan Daniel Adams, Low, Ball, & Lynch, San Francisco, Cal., for defendants/appellees.

Before TANG and WIGGINS, Circuit Judges, and CURTIS,* District Judge.

TANG, Circuit Judge:

Diane Moore appeals from a grant of summary judgment in favor of R.G. Industries and Rohm Gescellschaft (hereinafter, "R.G. Industries"), holding that R.G. Industries could not be liable under California products liability law for intentional injuries caused by a properly operating handgun it had manufactured and marketed. Ms. Moore also appeals the district court's denial of her motion for leave to amend her complaint to allege liability based on the theory that defendants conducted an ultrahazardous activity. We affirm.

We review the grant of a summary judgment de novo. *Haluapo v. Akashi Kaiun, K.K.,* 748 F.2d 1363, 1364 (9th Cir.1984). In reviewing Ms. Moore's strict liability claim, we apply the existing California law, and do not predict possible changes in that law. *Klingebiel v. Lockheed Aircraft Corp.,* 494 F.2d 345, 346 (9th Cir.1974).

█ On April 19, 1981, Ms. Moore and a friend, Roy Sazory, were intentionally shot by her husband, Harry Lewis. The weapon used was a .25 caliber automatic handgun pistol, serial number U–031341, which was assembled and marketed by R.G. Industries. As a result of the gunshot wound, Ms. Moore was rendered a paralyzed quadriplegic.

Ms. Moore alleges that this R.G. .25 caliber handgun is defectively designed because it is small, easily concealable, relatively inexpensive, and serves no useful social purpose. This theory would classify as defectively designed all small concealable handguns, no matter how well designed.

California product's liability law imposes strict liability upon a manufacturer only when a defect exists in the design of the product. *Daly v. General Motors Corporation,* 20 Cal.3d 725, 733, 144 Cal.Rptr. 380, 575 P.2d 1162 (1978). A defective design can be proved by one of two tests: "(1) if the product has failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) if, in light of the relevant factors ..., the benefits of the challenged design do not outweigh the risk of danger inherent in such design." *Barker v. Lull Engineering Co.,* 20 Cal.3d 413, 143 Cal.Rptr. 225, 228, 573 P.2d 443, 446 (1978).

The handgun used in this case is not defectively designed under either test. It performed as it was intended. In considering the risk/benefit test, we are aware of one jurisdiction only which has declared the type of "Saturday night special" used here to be of no social utility. *See Kelley v. R.G. Industries,* 304 Md. 124, 497 A.2d 1143 (1985) (where a Maryland court declared that manufacturers and retailers of "Saturday night specials" may be held liable for injury inflicted by gun users during a crime). In contrast, there is no indication in California law or public policy that the courts would distinguish "Saturday night specials" from other handguns or find them of so little utility that the risk of injury outweighs their beneficial uses for recreation or protection. Indeed, the passage of a California statute purporting to be declaratory of existing law lends further support to this conclusion. Section 1714.4 of the California Civil Code provides: "In a products liability action no firearm or ammunition shall be deemed defective in design on the basis that the benefits of the product do not outweigh the risk of injury

---

* Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation.

posed by its potential to cause serious injury, damage or death when discharged."

Thus, the district court did not err in granting summary judgment to R.G. Industries since Moore failed to state a claim under California products liability law.

 We also affirm the district court's denial of Ms. Moore's motion for leave to amend her complaint. Leave to amend is freely granted when justice requires, Fed. R.Civ.P. 15(a), but only in absence of prejudice to the opposing party. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir.1983). In this case, Moore's motion to amend came two years after the original filing, and after discovery and argument on R.G. Industries' motion to dismiss; granting the motion would have prejudiced R.G. Industries.

Even if Moore's motion had been timely, the ultrahazardous activity claim she sought to assert would have failed as a matter of California law. Under California law, an activity is ultrahazardous only if (1) it involves a risk of serious harm to the person, land or chattels of others which cannot be eliminated by exercise of utmost care, and (2) it is not a matter of common usage. *Hulsey v. Elsinore Parachute Center*, 168 Cal.App.3d 333, 345, 214 Cal. Rptr. 194 (1985). Handguns do not meet either part of this test. They are widely used, and the harm they pose comes from their use rather than by the nature of their existence alone. Further, California courts have expressly rejected the theory that use of handguns is ultrahazardous activity. *See Orser v. George*, 252 Cal.App.2d 660, 672, 60 Cal.Rptr. 708 (1967) ("the discharge of firearms is not considered an ultrahazardous activity"); *Reida v. Lund*, 18 Cal. App.3d 698, 96 Cal.Rptr. 102 (1971) (strict liability action may not be maintained against a father alleged to have inadequately safeguarded his gun, thereby permitting his son to shoot several people).

For the reasons set forth above, the grant of summary judgment to R.G. Industries is

AFFIRMED.