**Sandra and Frank LaROSA, Plaintiffs,**

v.

**COVE HAVEN, INC. t/a Caesers
at Cove Haven, Defendant.**

Civ. No. 92–1123.

United States District Court,
M.D. Pennsylvania.

March 11, 1993.

Hudson L. Voltz, West Chester, PA, for plaintiffs.

Timothy G. Lenahan, Lenahan & Dempsey, Scranton, PA, for defendant.

### MEMORANDUM and ORDER

NEALON, District Judge.

In this personal injury action, based upon diversity jurisdiction, the defendant has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, predicated upon the argument that the plaintiffs' cause of action is time-barred under Pennsylvania law as a result of their filing the complaint two years and a day after the cause of action arose (the matter is controlled by a two-year statute of limitations, 42 Pa.Stat.Ann. § 5524 (1992)). It asserts that the proper way to calculate the statutory period is to equate the term "year" with a period of three hundred sixty-five (365) days only, notwithstanding the fact that one of the years was a leap year consisting of three hundred sixty-six (366) days. The plaintiffs filed their complaint seven hundred and thirty-one (731) days after the cause of action had arisen, being arguably one day beyond the applicable Pennsylvania statute of limitations for personal injury actions. On the other hand, the plaintiffs maintain that their filing was timely in that the interpretation of a year under the statute may be either three hundred sixty-five (365) days or three hundred sixty-six (366) days in a leap year when February consists of twenty-nine (29) days. Thus, the accident having occurred on August 18, 1990, and the complaint being filed on August 18, 1992, the defendants claim the statutes of limitations expired on August 17, 1992, seven hundred thirty (730) days after the accident, while the plaintiff identifies August 18, 1992, seven hundred thirty-one (731) days after the accident, as the date of expiration.

As an additional argument, the plaintiffs contend that they mistakenly mailed the complaint to the Office of the United States Attorney (the address being the same as the Clerk of Court, with the exception of different post office box numbers) where it was received prior to the expiration of the seven hundred and thirty (730) days, and that this was effective service under the Federal Rules of Civil Procedure. For reasons which follow, the court will deny the defendant's motion.

### PROCEDURAL HISTORY

The parties agree that the cause of action which precipitated this case occurred on August 18, 1992, when Sandra La Rosa, a resident of New York State, slipped while dancing on a section of a parquet floor at Cove Haven, t/a Caesers at Cove Haven (hereinafter "Caesers"), Wayne County, Pennsylvania. The plaintiffs purportedly attempted to file their complaint by means of United States mail on August 11, 1992, by correctly addressing it to the U.S. District Clerk's office,

but erroneously forwarding it to Box 309, the mailing address of the Office of the United States Attorney. Both offices are in the same building and the complaint was received by the U.S. Attorney's office at least by August 17, 1992, although not forwarded to the Clerk's office until August 18, 1992, at which time it was appropriately logged in by stamp as having been received on August 18, 1992.[1]

After granting the defendant's motion for an extension of time in which to file its answer, the same was filed on November 17, 1992. On November 24, 1992, the defendant submitted a motion for summary judgment and supporting brief. The plaintiffs responded on January 5, 1993, and the defendant filed its reply brief on January 15, 1993. On February 1, 1993, the plaintiffs filed a supplemental brief challenging the defendant's contention that the plaintiffs had conceded in their January 5, 1993, brief that the statute had expired on August 17, 1992, and on February 18, 1993, at the direction of the court, they filed a further memorandum addressing the computation of time when a leap year is involved. The motion is now ripe for disposition.

### ANALYSIS

The issue to be resolved by the court, as posed by the defendant in its motion for summary judgments, is as follows; In Pennsylvania, does the word "year" as used in 42 Pa.Cons.Stat.Ann. § 5524 (1992), denote only a continuous stretch of three hundred sixty-five (365) days or can it also be, in the case of a leap year, three hundred and sixty-six (366) days?

In Pennsylvania, "when any period of time referred to in any rule, such period in all cases, . . ., shall be computed so as to exclude the first and include the last day of such period." PaR.Civ.P. 106(a). This rather simplistic rule becomes somewhat muddled when the period of time considered includes

a leap year. As previously stated, it is the defendant's posture that, excluding August 18, 1990, as the first day, the application of two 365 day calendar years would result in August 17, 1992, as the last day for filing. The plaintiffs, on the other hand, claim that two years, if one is a leap year, amounts to 731 days thereby recognizing August 18, 1992, as the final day.

A review of case law discussing this issue reveals that, although it is not an issue recently, or even frequently reported in either the Third Circuit or in the Middle District of Pennsylvania, it is not exactly a case of first impression either. In *Perrine v. Heishman*, 253 F.Supp. 68 (M.D.Pa.1966), Judge Follmer, deciding a personal injury case wherein the same Pennsylvania two-year statute of limitations was at issue in a motion for summary judgment, recognized, without deciding, that the term year could include either a period of three hundred sixty-five (365) days or, in the case of a leap year, three hundred sixty six (366) days. Judge Follmer's language in *Perrine* is instructional as the court begins its analysis of this issue:

> In computing the time in which an action must be brought, in Pennsylvania, the day on which the cause of action arose must be omitted and the last day of the period is included. *See Tellip v. Home Life Insurance Co.*, 152 Pa.Super. 147, 150, 31 A.2d 364 (1943). Thus the last day for the plaintiff to have brought this action was February 28, 1966. The filing of the complaint with the Clerk of Court will toll the Statute of Limitations. *In regard to this, the plaintiff maintains that since 1964 was a leap year, the Complaint did not have to be filed until March 1, 1966. If the accident had occurred on February 29, 1964, this argument would be applicable, but under these facts, the fact that 1964 was a leap year is irrelevant.*

*Id.* (emphasis added).[2] The language as set forth above in *Perrine* demonstrates that

---

**1.** The copy of the complaint forwarded to the defendant bears a date stamp that appears to have been hand altered to read August 18, 1992, from the machine stamped August 17, 1992, date. A review of the record reveals no indication as to why the complaint bears this alteration, nor is there any indication that the docu-

ment was received in the Clerk's office before August 18, 1992.

**2.** The court acknowledges that it was not Judge Follmer's holding in *Perrine* that the term year can denote either 365 days or 366 days, if the

when considering a two year statute of limitations the term "year" may be construed literally. Accordingly, a year is a period consisting of either three hundred sixty-five (365) days, in the common sense, but also three hundred sixty-six (366) days, when that same statutory period includes a leap year. The same rationale was used when a U.S. District Court for the Western District of Tennessee concluded "[t]hat twelve months has been commonly understood and consistently interpreted to mean one year...." *Simmons v. Firestone Tire and Rubber Co.,* 747 F.Supp 1256, 1257 (W.D.Tenn.1990).

Rather than go into any great discussion as to the difference between the term "year" and "calendar year," the court will draw upon language used by a Pennsylvania court which is similar to that used by Judge Follmer in *Perrine,* as well as that used more recently in *Simmons:*

> We note initially that "year" means "calendar year," "unless the context clearly indicates otherwise," 1 Pa.C.S. § 1991 (emphasis added). We believe that, in this context, when the legislature used the phrase "a *period* of two years" (emphasis added) they clearly mean a quantity of time, *i.e.,* 24 months running from anniversary date to anniversary date (citing cases).

*Fox Chapel Area School District v. Dunlap,* 53 Pa.Cmwlth. 479, 417 A.2d 1329, 1330 (1980).[3] Therefore, the court concludes that "[o]rdinarly and in the common acceptance, a 'calendar year' is three hundred and sixty-five days save leap year ... and a calendar year is composed of twelve months, *varying in length,....*" *United States v. Bussey,* 51 F.Supp. 996, 999 (S.D.Cal.1943) (emphasis

added). This line of reasoning is in accord with accepted treatise on the subject:

> Thus, in computing by the calendar year, days are not counted, but the calendar is examined and the day numerically corresponding to that day in the following year is ascertained and the calendar expires on that day, less one, and, accordingly, in computing the period of one year from March 1, where the following year is a leap year, the year will end on February 29, *even though that is the 366th day.*

86 C.J.S. Time § 9 (1992) (emphasis added).

The plaintiffs' cause of action involves a personal injury and as such has a two-year statute of limitations. 42 Pa.Cons.Stat.Ann. § 5524 (1992). Pursuant to Rule 106 of the Pennsylvania Rules of Civil Procedure, the period shall be computed as to exclude the first and include the last day of such period. Having already decided that when a leap year occurs during the period to be calculated, that period will consist of three hundred and sixty-six days, the court finds that the plaintiffs' cause of action arose on August 18, 1990, and the expiration of the statute of limitations for the case *sub judice,* was August 18, 1992. This determination is reached by excluding August 18, 1990, the day the injury occurred, and including August 18, 1992, the last day of the two year period, given the fact that 1992 was a leap year.

Accordingly, noting again that it is undisputed that the plaintiffs' complaint reached the Clerk of Court's office by August 18, 1992, within the statutory period for commencement of a personal injury action under

twelve month period under consideration includes a leap year, with the month of February consisting of 29 days, but relies on the Judge's discussion as an illustrative and logical point of origin from which to begin its analysis of the issue.

**3.** The defendant cites, as support for its argument, the case of *Olivo Ayala v. Lopez Feliciano,* 729 F.Supp. 9 (D.Puerto Rico 1990). While this case does stand for the proposition that a year equals 365 days, the court in *Ayala* was construing the law of Puerto Rico and, consequently, it

has no precedential value in this matter as this court is bound to the laws of the forum state when the grounds for jurisdiction are based on diversity of citizenship, in this case, Pennsylvania.

In an effort to dispel a question of possible inconsistencies in its opinion, the court notes the interpretation of the word year in *Simmons* was a result of the District Court for the Western District of Tennessee's interpretation of a federal statute, specifically ERISA, and not their interpretation of Tennessee law or its statutes.

Pennsylvania law, the court will deny the defendant's motion for summary judgment.[4]

---

4. Having concluded that the plaintiffs' complaint was filed in a timely fashion, the court need not decide the issue of whether the plaintiffs' com- plaint was properly served when it reached the office of the United States Attorney.