62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
M. MELVIN GENTILE, D.O., LTD., an Arizona corporation; M.
Melvin Gentile, D.O.; Anesthesia Associates of Arizona, an
Arizona partnership; Russell Jorgensen, D.O.; Community
Anesthesiologists, P.C., an Arizona corporation; Lawrence
Lee, D.O.; Billie Douglas Hunt, Individually and as
Guardian for and on behalf of Ivan Hunt, and for and on
behalf of Pawneace Hunt, a minor, Miracles Hunt, Hosanna
Hunt, a minor, Helaman Hunt, a minor, Beauty Hunt, a minor,
Manti Hunt, a minor, Dickie Jo Hunt, Individually, Michalene
Ray Hunt, Individually, Lane Hunt, Individually, and
Shenandoah Hunt, Individually, Plaintiffs-Appellants,
v.
ANESTHESIOLOGISTS' PROFESSIONAL ASSURANCE COMPANY, a
Tennessee corporation, Defendant-Appellee.
 No. 94-15213.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1995.
Decided Aug. 2, 1995.
 
 Before: SNEED, CANBY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin Gentile, D.O., Ltd., Melvin Gentile, D.O., Russell Jorgensen, D.O., Anesthesia Association of Arizona (AAA), and members of the family of Ivan Hunt appeal the district court's summary judgment in favor of Anesthesiologists' Professional Assurance Company (APAC). Appellants brought a diversity action against APAC, which alleged that APAC wrongfully denied coverage under professional liability insurance policies. Appellants claimed breach of contract, bad faith, false advertising, and misrepresentation. We affirm.
 
 
 3
 1. Gentile asserts that the district court erred when it granted APAC summary judgment on the ground that Gentile's claim lay outside of the coverage period. We agree with the district court that the claim clearly was outside of the coverage period. Gentile directed that the APAC policy be cancelled as of July 14, 1988, and that his tail coverage commence as of that day. The incident in question occurred August 12, 1988 when Ivan Hunt was injured. That was clearly outside of the coverage period. Gentile now claims that he made a mistake and really meant to have coverage for all incidents through August 12, 1988. Perhaps he did. If so, it was a unilateral mistake, and that cannot change the clear language of the insurance contract itself. See Taylor v. State Farm Mutual Auto Ins. Co., 175 Ariz. 148, 153, 854 P.2d 1134, 1139 (1993); Nationwide Resources Corp. v. Massabni, 134 Ariz. 557, 564-65, 658 P.2d 210, 217-18 (Ct.App.1982).
 
 
 4
 2. Gentile then says that the insurance contract is, somehow, ambiguous and avers that the ambiguity must be construed against the insurance company. In the first place, the theory that ambiguities are automatically construed against insurance companies is not the law of Arizona. See Transamerica Ins. Group v. Meere, 143 Ariz. 351, 355, 694 P.2d 181, 185 (1984); Arizona Property & Casualty Ins. Guar. Fund v. Helme, 153 Ariz. 129, 134, 735 P.2d 451, 456 (1987); Smith v. Hughes Aircraft Co., 783 F.Supp. 1222, 1226 (D.Ariz.1991), aff'd in part and rev'd in part, 10 F.3d 1448, amended, 22 F.3d 1432 (9th Cir.1993). In the second place, there is no ambiguity whatever--the policy simply and clearly does not cover the date of the incidents. Gentile says that he finds an ambiguity because he meant to have coverage through his retirement date and meant to have the tail cover all incidents through that date. Perhaps he did, but if we were to treat the deviation from that intended date as an ambiguity, it was an ambiguity caused by Gentile or someone in his employ. That would tend to point toward resolving the ambiguity against him. See Equitable Life & Casualty Ins. Co. v. Rutledge, 9 Ariz.App. 551, 554, 454 P.2d 869, 872 (1969); see also Showcase Realty, Inc. v. Whittaker, 559 F.2d 1165, 1168 (9th Cir.1977) (ambiguity construed against drafter--Washington law). More to the point, however, we do not perceive that Gentile's mistake created any ambiguity in the contract itself.
 
 
 5
 3. Gentile then asserts that APAC has violated Arizona law, which prohibits misrepresentations in the sale of insurance. See Ariz.Rev.Stat. Secs. 20-443--20-440.01. He says that is so because a claims made policy is somehow illusory if it allows the insured to set a retroactive date that precludes coverage for incidents which occurred earlier. He cites no authority for that proposition, and it is hardly self-evident. On the contrary, there is nothing illogical or illusory about limiting a claims made contract to events that occurred after a particular date. Nor is it illogical to limit the contract to incidents that occur before a certain date or to claims that are made before a certain date. Obviously, the further back or forward the contract reaches, the more chance that a claim could be made. Thus, if Gentile had set a starting date a number of years earlier, no doubt the premium would have been higher. Also, had he set a termination date some months later, the same would have been true. Just why flexibility offered to insureds should equal illusion, ambiguity, or fraud is not at all clear. Rather, the contrary is clear.
 
 
 6
 4. Next, Gentile asserts that APAC waived denial of coverage or should be estopped because it did not specifically raise the fact that the incident occurred outside of the coverage period when its counsel first sent a denial of coverage letter to him. However, waiver did not occur because the letter makes it plain that there was no intent to waive. See D.M.A.F.B. Fed. Credit Union v. Employers Mut. Liab. Ins. Co., 96 Ariz. 399, 403, 396 P.2d 20, 23 (1964); see also Matter of Appeals in Maricopa County Juvenile Actions, 167 Ariz. 591, 592, 810 P.2d 589, 590 (Ct.App.1990). Similarly, no basis for estoppel was shown. Simply put, not only was there no showing that Gentile was misled during the few months that elapsed between denial letters, but also there was no showing of actual prejudice. See Sellers v. Allstate Ins. Co., 113 Ariz. 419, 423, 555 P.2d 1113, 1117 (1976); see also Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 659 (8th Cir.1992).
 
 
 7
 5. Jorgensen also asserts that the policies he purchased from APAC were somehow illusory and misleading. He makes the same essential arguments as Gentile, and what we said about Gentile's claim applies with even more force to Jorgensen. Gentile, at least, could appeal to his illness and to his mistake. Jorgensen made no mistake whatever. Rather, he knew exactly what he was doing and exactly what would be covered. He obtained precisely what he bargained for. Cf. Zuckerman v. Transamerica Insurance Co., 133 Ariz. 139, 145, 650 P.2d 441, 447-48 (1982) (a term not bargained for will not be enforced if it violates reasonable expectations of the insured). He now wishes that he had bargained for something else. We hear his argument, but he must abide by his agreement.
 
 
 8
 6. Because APAC had a reasonable basis for denying coverage in this case, the district court did not err in granting summary judgment on appellants' claim that APAC committed the tort of bad faith. See Deese v. State Farm Mut. Auto Ins. Co., 172 Ariz. 504, 507, 838 P.2d 1265, 1268 (1992).
 
 
 9
 7. Gentile claims that APAC engaged in false advertising because it said that its policy covered professional corporations as well as the individual insured. He sought relief under the Arizona Consumer Fraud Act. Ariz.Rev.Stat. Secs. 44-1521--44-1534. He also sought relief under the Arizona Insurance Code. Ariz.Rev.Stat. Secs. 20-443--20-463. The district court dismissed those claims on the basis of the one-year statute of limitations. See Sparks v. Republic Nat'l Life Ins. Co., 132 Ariz. 529, 541, 647 P.2d 1127, 1139 (insurance code), cert. denied, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); Murry v. Western Am. Mortgage Co., 124 Ariz. 387, 390, 604 P.2d 651, 654 (Ct.App.1979) (Consumer Fraud Act). In that the district court did not err. Coverage was denied April 22, 1991, and the action was not filed until September 8, 1992. Under Arizona law, the action accrued when coverage was denied. See Gibbons v. Badger Mut. Ins. Co., 11 Ariz.App. 485, 490, 466 P.2d 36, 41 (1970); cf. Ness v. Western Sec. Life Ins. Co., 174 Ariz. 497, 500, 851 P.2d 122, 125 (Ct.App.1992). At any rate, because Gentile did not have coverage, there was no damage. See Nataros v. Fine Arts Gallery of Scottsdale, Inc., 126 Ariz. 44, 48, 612 P.2d 500, 504 (Ct.App.1980).
 
 
 10
 8. Finally, in a last-ditch effort to avoid defeat, appellants sought to amend their complaint to add new claims. The district court refused to allow amendment because of the long delay and because of prejudice to APAC. The complaint was filed September 3, 1992, discovery ended in June of 1993, and the pretrial conference took place October 4, 1993, whereat trial was set for January 1994. Even though the appellants were well aware of all of the facts at an early date, they did not seek to add claims until after the pre-trial conference. Before that, APAC had already moved for summary judgment. Given the unexplained and unnecessary delay in filing the motion to amend, we cannot say that the district court erred. See Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990); Moore v. R.G. Indus., 789 F.2d 1326, 1328 (9th Cir.1986). To put APAC through any further discovery and other efforts at that late date would have been prejudicial. See Ascon Properties, Inc. v. Mobil Oil Corp., 866 F.2d 1149, 1161 (9th Cir.1989). Moreover, if as appellants assert, no new evidence remained to be discovered, it is pellucid that the facts simply would not support claims for benefits or for fraud. Amendments aimed in those directions would be futile. Equally futile was Gentile's claim for reformation due to his own unilateral mistake. See Isaak v. Massachusetts Indem. Life Ins. Co., 127 Ariz. 581, 584, 623 P.2d 11, 14 (1981); United States Fire Ins. v. Gentile, 147 Ariz. 589, 593, 712 P.2d 436, 440-41 (Ct.App.1985).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3