**SRAM CORPORATION, an Illinois corporation, Plaintiff— Appellee,**

v.

**SHIMANO, INC., a foreign corporation; Shimano American Corporation, a California corporation, Defendants— Appellants.**

No. 00–55628.

D.C. No. CV–96–00208–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Jan. 14, 2002.

---

_____

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

### MEMORANDUM *

Defendants Shimano, Inc. and Shimano American Corporation (collectively, "Shimano") appeal the judgment of the district court in favor of SRAM Corporation ("SRAM") for various alleged violations of California law. We affirm. Because the parties are well familiar with the factual and procedural history of this case, we will not recount it here.

### I

█ The district court did not err when it instructed the jury that, as a matter of law, return on equity capital is an element of cost under the California Unfair Practices Act. *See* Cal. Bus. & Prof.Code §§ 17026, 17029.

█ "The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.,* 615 F.2d 857, 861 (9th Cir.1980). In doing so, federal courts are bound by the pronouncements of the state's highest court on applicable state law. *See Davis v. Met-*

ro *Prods., Inc.,* 885 F.2d 515, 524 (9th Cir.1989). "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell,* 803 F.2d 1473, 1482 (9th Cir.1986), *modified at* 810 F.2d 1517 (9th Cir.1987). In assessing how a state's highest court would resolve a state law question—absent controlling state authority—federal courts look to existing state law without predicting potential changes in that law. *Moore v. R.G. Indus., Inc.,* 789 F.2d 1326, 1327 (9th Cir. 1986).

In *William Inglis & Sons Baking Co. v. I.T.T. Cont'l. Baking Co., Inc.,* 668 F.2d 1014 (9th Cir.1981), we had occasion to consider the question at hand, and concluded that under both California and federal law:

> Average total cost reflects that portion of the firm's total costs—both fixed and variable—attributable on an average basis to each unit of output. When the price of each unit equals or exceeds average total cost, the seller is recovering the total cost of production and is earning at least a "normal" rate of return on invested capital.

*Id.* at 1035 n. 30.

█ Of course, our pronouncement as to California law is not binding on the California courts and "might be discredited at any time" by the state courts of California. *Moore v. Sims,* 442 U.S. 415, 428, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). However, the California courts have not rebuffed the *William Inglis* construction; to the contrary, they have adopted it as their own. *See Turnbull & Turnbull v. ARA Transp., Inc.,* 219 Cal.App.3d 811, 820, 268 Cal. Rptr. 856 (1990).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Shimano argues that the language in *William Inglis* and *Turnbull* is "descriptive, not prescriptive" and that the legislative history of the statutes indicates a contrary interpretation. However, our task is not to re-analyze the rational underpinnings of *William Inglis* and *Turnbull*. Indeed, to do so would be to create an intra-circuit conflict with *William Inglis*. Rather, our task is to predict how the California Supreme Court would decide the issue utilizing existing law as guidance. Given the state of the law, and the absence of any contrary indications that California courts would alter it, we cannot say that the district court erred as a matter of law in instructing the jury in a manner consistent with existing California and Ninth Circuit authority.

## II

■ The district court did not err in denying Shimano's motion for judgment as a matter of law because, according to Shimano, SRAM's expert's testimony was so fundamentally flawed that no reasonable jury could rely on it. As to the issues raised before the district court, an examination of the record reveals that expert Weinstein's testimony was not the only proof offered that Shimano sold its products below cost. More importantly, the matters contested by Shimano before the district court went to the weight of the evidence, rather than its admissibility, and these issues were explored on cross-examination.

For the first time on appeal, Shimano urges that some aspects of expert Weinstein's testimony were wrong as a matter of law. However, these issues were not raised before the district court. Thus, Shimano has failed to preserve them for appeal. *United States v. Bushyhead*, 270 F.3d 905, 909 n. 2 (9th Cir.2001) (citing *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941)).

## III

■ Shimano argues that the Commerce Clause prohibits an award of damages based on non-California sales. However, this argument was raised specifically for the first time on appeal; thus it is waived. *Id.* Even assuming that Shimano validly raised the issue in its post-trial motions, this fact is not sufficient to avoid waiver. Federal Rule of Civil Procedure 8(c) requires the defendant to plead affirmatively "any ... matter constituting an avoidance or affirmative defense." Where a defendant fails to raise the defense in a pretrial order or prior to trial, the defense is waived. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir.1988).

■ Shimano asks us to exercise our discretion to entertain the argument because it is one of law that does not depend upon the factual record developed in the trial court. *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir.1978). However, the exercise of our discretion to consider an issue is inappropriate if the party against whom the issue is raised "might have tried [its] case differently either by developing new facts in response to or advancing distinct legal arguments against the issue...." *Id.* In this case, SRAM might well have tried this case in a different manner had the issue been raised in the pleadings. Thus, we decline to exercise our discretion to consider the issue for the first time on appeal.

## IV

■ The district court did not err in refusing to grant Shimano a new trial on the issue of whether Shimano breached the 1990 settlement agreement. The district court correctly interpreted the "series pricing" clause of the agreement and SRAM introduced evidence showing that it

suffered damage from Shimano's offer of promotional discounts.

AFFIRMED.