## J. HENRY WOOD v. JOHN CURREY.

STATUTE OF LIMITATIONS—TORT.—The procuring of the levy of an execution issued upon a satisfied judgment is a tort, and constitutes a liability not founded upon an instrument in writing; and an action thereon is barred in two years.

ID.—ID.—INJUNCTION.—The running of the statute in such case is not suspended by injunction proceedings restraining the enforcement of the execution.

ID.—ID.—DAMAGES.—The statute begins to run in such case at the time of the levy, and subsequently accruing damages do not constitute separate causes of action, and do not postpone the operation of the statute.

APPEAL from a judgment for the defendant, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

*Charles A. Tuttle*, for Appellant.

The cause of action accrued only when the plaintiff had prosecuted to judgment the action to enjoin the execution.

Under any construction of the law, the statute had not run for that part of our damages which accrued within two years before the commencement of the action.

*Henry E. Highton*, for Respondent.

The cause of action was complete at the time of the levy of the execution.

McKEE, J. :

In this case, the defendant had recovered a judgment against the plaintiff in the case, in the late District Court of Napa County, which was satisfied by the plaintiff in January, 1872; but, notwithstanding the satisfaction, defendant, on the 4th of March, 1873, caused an execution to be issued upon the judgment, and placed in the hands of the sheriff of that county, with orders to levy it on the real property of the plaintiff; and on the same day, the officer did, in obedience to those orders, levy the execution on certain lands of the plaintiff, and advertised to sell them under the levy of the execution.   To restrain this threatened sale, the plaintiff commenced an injunction suit, in which he recovered judgment against the defendant on the 27th of September, 1873, perpetually enjoining the enforcement of the execution.   This judgment was affirmed by the Supreme Court at the October Term, 1874, and on the 27th of September, 1875—more than two years and six months after the issuance of the execution—plaintiff commenced the action, out of which this case arises, to recover damages for maliciously issuing the execution.   The lower Court sustained a demurrer to the complaint in the action, upon the ground that the cause of action was barred by subdivision 1 of § 339 of the Code of Civil Procedure, and that is the question.

By the section referred to, two years is prescribed as the period within which must be commenced an action upon an obligation or liability not founded upon an instrument in writing. "Liability" is defined: "Amenability or responsibility to law ; the condition of one who is subject to a charge or duty which may be judicially enforced." (Abbott's Dict. 38.)   And it may arise from contracts expressed or implied, or in consequence of torts.   (Bouvier's Dict., word "liability.")   The liability sought to be enforced in this action was one which originated in tort.   When the defendant caused an execution to be issued upon the satisfied judgment, and to be levied upon the property of the plaintiff, he was guilty of a breach of duty which rendered him amenable to the plaintiff for damages. This breach of duty constituted the gist of the action which the plaintiff brought against the defendant, and his right of action

accrued at the time of the breach of duty, and not when the judgment in the injunction suit was rendered or affirmed by the appellate tribunal. And the Statute of Limitations commenced to run from the time of the alleged breach of duty. When misconduct or negligence constitutes a cause of action, the Statute of Limitations begins to run from the time when the defendant had been guilty of such misconduct or negligence. (*Pillar* v. *S. P. R. Co.* 52 Cal. 43; *Harpending* v. *Meyer*, 55 id. 555; *Howell* v. *Young*, 5 Barn. & C. 266.) The running of the statute in this case, therefore, commenced on the 4th of March, 1873—the day when the execution was wrongfully issued and levied—and it was not suspended by the injunction proceedings to restrain the enforcement of the execution.

But it is contended, that the damages which plaintiff was entitled to recover did not accrue until the litigation resulting from the suit by injunction had been ended by the judgment of the Supreme Court. Damages which result from a tort do not constitute separate causes of action. They are parts of the tort itself, for which the cause of action is given; and the cause of action arises immediately on the happening of the injury, and is not postponed to the damages thereby occasioned. (Angell on Lim. §§ 298–300.)

As the time prescribed by the statute had run before the plaintiff commenced his action, his cause of action was barred.

Judgment affirmed.

ROSS, J., and McKINSTRY, J., concurred.