495 P.2d 499

Harold C. WHEELER and Helen M. Wheeler, husband and wife, et al., Appellants,

v.

Carroll L. PRIEBE, Appellee.

No. 2 CA–CIV 1106.

Court of Appeals of Arizona, Division 2.

April 11, 1972.

Wheeler & Wheeler by Richard F. Wheeler, Tucson, for appellants.

Bernard I. Rabinovitz, Tucson, for appellee.

KRUCKER, Chief Judge.

This appeal arises out of a malpractice suit against appellants. One of the negligent acts complained of was that without appellee's permission or knowledge, Harold Wheeler stipulated to entry of judgment in a prior lawsuit after being discharged as attorney. The case was tried to a jury and resulted in a judgment in favor of Priebe and against the Wheelers in the sum of $3,000, plus costs. The facts are as follows.

Appellee, Carroll L. Priebe, in October, 1966, had agreed to purchase some real property from one Leon Ulan through Stewart Winter of the Winter-Luety Realty Company. At the time, Mr. Priebe lived outside the State of Arizona and made the purchase in reliance on the representations of the realtor. He subsequently came to Tucson and discovered what he thought to be serious defects in the property whereupon he retained appellants who filed an action against the realty firm and Ulan, Cause No. 104474, in the Superior Court of Pima County.

Priebe apparently wished to affirm the contract of sale, to retain the real estate, and sue for damages, but the complaint filed by appellants was for recission based upon misrepresentation. In a hearing before the Honorable John P. Collins on November 20, 1967, the court suggested that the complaint be amended to accord with the relief sought by Priebe, and appellants were given two weeks to amend the complaint. This was not accomplished.

According to appellee, he picked up his file from appellant Harold C. Wheeler on February 16, 1968, and retained attorney Dick Rykken to represent him. Harold Wheeler, however, testified that he was still the attorney of record and continued to act as such. He stated that on February 26, 1968, he appeared in court before the Honorable Alice Truman and stipulated to a judgment against his client, Priebe, in Cause No. 104474 in the amount of $25,000.

Appellants pose three questions on appeal:

(1) Was the action against the appellants barred by the statute of limitations?

(2) Did the trial court err in allowing hearsay into evidence over appellants' objections?

(3) Did the court err in allowing testimony concerning appellee's mental condition?

■ We hold that under the facts of the appeal before us, where the attorney acted to his client's prejudice in a negligent manner after the hiring of a new attorney and the act was within the two-year period as indicated here, the trial judge was correct in ruling against the application of the statute of limitations. For a complete and comprehensive discussion of this subject of limitations in malpractice suits against attorneys see, 18 A.L.R.3d 978.

■ The next question concerns the alleged hearsay testimony admitted over appellants' objections. A careful reading of the testimony leads us to the conclusion that there was no error in this respect. The substance of the testimony concerned conversations with appellant Harold Wheeler, and, in our opinion, are statements of a party opponent and clearly admissible as an exception to the hearsay rule.

■ The final question is directed to the admission of evidence concerning appellee's physical and mental condition. Appellants claim that such evidence was not admissible since there was no showing that the alleged negligent acts caused the claimant's injuries. We do not agree. This evidence was admitted by the court, not to prove damages but for the limited purpose of showing that appellee was a sick man and had no control over appellants' handling of the case.

Finding no error, the judgment of the trial court is affirmed.

HATHAWAY and HOWARD, JJ., concur.