560 P.2d 1281

**DON KELLAND MATERIALS, INC., an Arizona Corporation, Appellant,**

v.

**R. A. LANGEL, Appellee.**

**No. 2 CA–CIV 2283.**

Court of Appeals of Arizona,
Division 2.

Feb. 4, 1977.

Verity, Smith, Lacy, Allen & Kearns, P. C. by John F. Munger, Tucson, for appellant.

Davis, Eppstein & Tretschok, P. C. by Thomas J. Davis, Tucson, for appellee.

## OPINION

RICHMOND, Judge.

This is an appeal from a judgment on the pleadings in favor of appellee on each of four counts contained in appellant's complaint.

Appellee was one of several defendants named in the caption of the complaint. The body of the complaint, without identifying them, alleged that the defendants were corporations or individuals selling insurance policies in December of 1971 when appellant employed one Charles W. Dockery, who subsequently was injured in an industrial accident on January 10, 1972. It alleged further that appellant applied for a policy of insurance for the benefit of its employee prior to the date of his injury; that a policy underwritten by defendant Continental Casualty Company was issued and in full force and effect at the time of the accident; and that "Defendants contracted and warranted that the policy processed was to be a compensation policy fully complying with the requirements of the Industrial Commission of Arizona regarding Workman's Compensation coverage."

The complaint also alleged that defendant, again unidentified, had denied a claim under the insurance policy based on the employee's injuries, and that the Industrial Commission of Arizona had awarded the employee the sum of $14,835.98 to be paid out of the State Compensation Fund, with a resultant lien upon appellant's properties for the full amount of the award, plus 10 per cent penalty and attorneys' fees.

The action was commenced by filing of the complaint on January 20, 1976. The answer filed on behalf of appellee admitted issuance of the insurance policy, denied all other material allegations, and affirmatively alleged that as to him the complaint was barred by the statute of limitations and failed to state claim upon which relief could be granted. On this record the trial court granted appellee's motion for judgment on the pleadings.

█ The first count in the complaint is for reformation and judgment "on the insurance policy as reformed" for compensatory and punitive damages. The policy admittedly was issued by another defendant. Nowhere in the complaint is it alleged that appellee was either a party or in privity with any party to the insurance contract. In determining whether a complaint states facts upon which relief may be granted, the court considers only the facts alleged. *Clausen v. Salt River Valley Etc. Assn.*, 59 Ariz. 71, 123 P.2d 172 (1942). Judgment in favor of appellee on Count One was proper.

█ Count Two is for breach of contract and warranty. As to appellee, who was not a party to the insurance contract, any claim must rest on the allegation that the defendants "contracted and warranted" that the policy would comply with certain requirements for workmen's compensation coverage. Other than the insurance policy itself, no written contract or warranty is alleged. A claim for debt where the indebtedness is not evidenced by a contract in writing must be brought within three years. A.R.S. § 12–543. Here the complaint was filed more than four years after the date of the industrial accident. Any cause of action for breach of contract or warranty accrued when appellant's claim under the policy was denied. While the complaint is silent as to the date of denial, appellant does not contend that it was less than three years prior to commencement of the action. Thus, judgment in favor of appellee was properly rendered as to Count Two.

█ We believe statutes of limitations likewise are dispositive of the other two counts. Count Three alleges that the various defendants made fraudulent misrepre-

sentations regarding the insurance policy, and Count Four alleges that they were guilty of gross and wanton negligence in failing to provide the proper coverage. The fraud count is barred by the three-year statute of limitations, A.R.S. § 12–543, and the negligence count by the two-year statute, A.R.S. § 12–542. Like the claim for breach of contract and warranty, these causes of action accrued when appellant's claim under the policy was denied. *Gibbons v. Badger Mutual Insurance Company*, 11 Ariz.App. 485, 466 P.2d 36 (1970).

Appellant argues that the statute of limitations governing fraud had not yet run because it was not until February of 1973 that the industrial commission ruled that it had no jurisdiction to determine whether the policy afforded workmen's compensation coverage, and the proceedings before the industrial commission tolled the running of the statute. As authority for its position, appellant cites a rule that applies only during the period of the restraint incident to other legal proceedings which are of such a character that the law forbids one of the parties to exercise a legal remedy against another, and contends that A.R.S. § 23–1061 required appellant's employee to litigate his claim in the industrial commission before appellant could bring an action in superior court. It is difficult to understand appellant's argument, especially in light of the industrial commission ruling that it had no jurisdiction to determine the coverage question. It is undisputed that the employee had a compensable claim. The procedure required by A.R.S. § 23–1061 with respect to claims for compensation in no way precluded appellant from commencing an action for fraud based upon the insurance company's denial of workmen's compensation coverage. Thus, there was no restraint that would postpone the running of the statute of limitations, and judgment in favor of appellee was properly rendered as to Counts Three and Four.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.