611 P.2d 98

Roland R. DESRUISSEAU and Vera L. Desruisseau, his wife, Plaintiffs-Appellants,

v.

George W. CAMERON and Grace G. Cameron, his wife, Defendants-Appellees.

No. 1 CA–CIV 4517.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 7, 1980.

Rehearing Denied May 5, 1980.

Review Denied May 20, 1980.

Norris D. Walter, Chandler, for plaintiffs-appellants.

Norman D. Hall, Jr., Phoenix, for defendants-appellees.

## OPINION

FROEB, Presiding Judge.

Appellants Roland and Vera Desruisseau (hereafter Desruisseau) appeal from a directed verdict dismissing their complaint as barred by the limitation of action under A.R.S. § 12–543(3).

■ Appellees George and Grace Cameron (hereafter Cameron) were granted a directed verdict following Desruisseau's opening statements. Thus, on review we must review the allegations of the complaint as true, granting all reasonable inferences in favor of Desruisseau. *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970).

■ In May of 1971, Cameron sold real property to Desruisseau. The property was located next to a noisy automotive repair business. On April 3, 1973, Desruisseau brought suit for nuisance against Guy Isley, the owner of the business. Isley answered on May 14, 1973, and asserted a quiet title counterclaim which alleged that Desruisseau was encroaching on a nine-foot strip of land owned by Isley. On July 1, 1974, the trial court denied the Isley counterclaim and quieted title to the nine-foot strip in Desruisseau. On appeal this court reversed that portion of the judgment and quieted title in Isley. *Desruisseau v. Isley*, 27 Ariz. App. 257, 553 P.2d 1242 (1976). The decision became final on September 9, 1976.

On December 13, 1976, Desruisseau filed the present action against Cameron alleging fraud in the 1971 sale of the property. The trial court decided that the claim was barred by the three-year limitation of action provided for in A.R.S. § 12–543, because Desruisseau's cause of action against Cameron accrued on May 14, 1973, the date the Isley quiet title counterclaim was filed in the earlier action.

A.R.S. § 12–543 provides:

There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterward, the following actions:

*   *   *   *   *   *

3. For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

■ Desruisseau first argues that whatever action he had against Cameron could not have accrued until the suit between Desruisseau and Isley was finally resolved because until then he was in undisturbed possession of the nine-foot strip of land. We disagree. Whether or not Desruisseau's possession of the nine-foot strip was undisturbed during this period has nothing to do with whether he had sufficient notice of the possibility of fraud in his purchase of the property from Cameron. The Isley counterclaim on May 14, 1973, set forth facts sufficient to put him on notice of his claim against Cameron. *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966). Desruisseau's cause of action against Cameron accrued at that time.

In a similar vein, Desruisseau argues that because his possession was undisturbed, he suffered no damage until the outcome on appeal in *Desruisseau v. Isley*, in which title to the land was ultimately quieted to Isley. This is incorrect. The "damage" from the alleged fraudulent conduct occurred when Desruisseau allegedly paid Cameron for land he believed Cameron owned and had sold to him. The fact that ownership of the land in question was not judicially estab-

lished until 1976 does not alter the fact that the damage occurred earlier.

Desruisseau argues there would have been no need to sue Cameron if Desruisseau had prevailed on Isley's counterclaim. While perhaps true, this did not prevent the running of the statute of limitations. Once the counterclaim was filed, Desruisseau could have brought an independent suit against Cameron or could have filed a third party claim in the pending action. *Sato v. Van Denburgh*, 123 Ariz. 225, 599 P.2d 181 (1979). The fact that Desruisseau chose not to proceed against Cameron was a matter of strategy and fails to relieve Desruisseau from the effect of A.R.S. § 12–543(3). Therefore, we hold that the statute of limitations began to run once the Isley counterclaim was filed, giving Desruisseau notice of his claim.

Desruisseau next argues that because he prevailed in the quiet title action at the trial court level, he could not have successfully sued Cameron pending the appeal of that decision. This is not the case. The appeal from the quiet title judgment was independent of Desruisseau's claim against Cameron for fraud. Desruisseau suggests that had he filed a separate action or a third party claim, it would have been dismissed when the trial court quieted title in Desruisseau. Even so, the separate action or third party claim would have been subject to reinstatement after the decision in favor of Isley on appeal.

Finally, Desruisseau argues that even if the period of limitations began to run upon the filing of the counterclaim, it was tolled while the earlier case was on appeal because the trial court ruled in his favor. It is true that there are some situations where a period of limitations may be tolled pending the outcome of an appeal. *See, e. g., City of Phoenix v. Sittenfeld*, 53 Ariz. 240, 88 P.2d 83 (1939). This would be true when the decision in a pending action is particularly conclusive as to the nature and extent of a party's rights to the point where resolution

of the pending action is a prerequisite for maintaining a new action.[1] This is not the case here. We think the recent case of *Don Kelland Materials, Inc. v. Langel*, 114 Ariz. 374, 560 P.2d 1281 (App.1977) applies. Appellant in that case argued that proceedings before the Industrial Commission of Arizona tolled the period of limitation on his claim of fraud against an insurance company for denying workmen's compensation coverage. The court rejected this argument:

> The procedure required . . . with respect to claims for compensation in no way precluded appellant from commencing an action for fraud based upon the insurance company's denial of workmen's compensation coverage. 114 Ariz. at 376, 560 P.2d at 1283.

We hold that the statute of limitations began to run when the Isley counterclaim was filed, and the statute was not tolled pending the appeal. In our opinion the trial court correctly granted appellant's motion for a directed verdict.

The judgment for the appellee is affirmed.

WREN and SHELLEY, JJ., concur.

NOTE: The Honorable MELVYN T. SHELLEY, Navajo County Superior Court Judge was authorized to participate by the Chief Justice of the Supreme Court of Arizona pursuant to A.R.S. Const. Art. VI, § 3.

---

1. We note that *Sittenfeld* dealt with the date in which the period of limitations *commenced* running, not, as here, with the tolling for a pending appeal of a period of limitations that has *already commenced* running.