752 P.2d 16

**ARIZONA DEPARTMENT OF WATER RESOURCES, formerly Arizona Water Commission, Plaintiff/Appellant,**

v.

**RAIL N RANCH CORPORATION, an Arizona corporation and Lloyd W. Golder III, Defendants/Appellees.**

No. 2 CA–CV 87–0123.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 15, 1987.

Arizona Dept. of Water Resources by Barbara A. Markham and Katherine Ott Verburg, Phoenix, for plaintiff/appellant.

Robert A. Kerry, Tucson, for defendants/appellees.

OPINION

LIVERMORE, Presiding Judge.

In this appeal from a judgment in a lien foreclosure action in favor of defendant Rail N Ranch Corporation based on the

statute of limitations, plaintiff Arizona Department of Water Resources argues that its defense of a mortgage foreclosure action against defendant by asserting the priority of its lien either satisfied the statute of limitations or tolled it under equitable principles. We disagree and affirm.

■ The lien sought to be foreclosed in this case was acquired by recording on May 9, 1980; this action was brought on October 21, 1983. A.R.S. § 45–712(D) provides that the lien "may be foreclosed at any time within two years." It appears clear, therefore, that this action is time barred. The Department seeks to avoid this result by pointing to the additional language in § 45–712(D) and (E) stating that "[t]he lien shall have the force and effect of a mechanic's and materialman's lien" and "may be foreclosed in the same manner...." This language, it argues, makes applicable A.R.S. § 33–998, which provides:

> A lien granted under the provisions of this article shall not continue for a longer period than six months after it is recorded, unless action is brought within such period to enforce the lien. If a lien claimant is made a party defendant to an action brought by another lien claimant, the filing within such period of six months of an answer or cross-claim asserting the lien shall be deemed the commencement of an action within the meaning of this section.

We do not believe that the phrase "may be foreclosed in the same manner" makes this section applicable. First, even if that phrase incorporates by reference some provisions of the mechanic's lien statutes, it cannot be deemed to include a provision creating a period of limitations inconsistent with that provided in the very next sentence of the incorporating statute. Second, even if the statute could be satisfied by filing an answer or cross-claim within six months, it does not appear that that time limit was met. We see no way in which the language of § 33–998 can be tortured to allow an answer filed within two years to constitute the commencement of a foreclosure action.

■ The Department next argues that because defendant was a party to the earlier mortgage foreclosure action in which the Department asserted the priority of its lien, defendant was aware of the Department's claim and during the pendency of that action the statute of limitations should be tolled. The court in *Hosogai v. Kadota,* 145 Ariz. 227, 700 P.2d 1327 (1985), discussed circumstances where equitable tolling of the statute was appropriate. We do not believe that tolling is required whenever the defendant is aware of a claim that the plaintiff fails to file in a timely manner, particularly where, as here, the plaintiff merely asserts the claim in the prior action but does not seek to enforce it.

Nor do we believe that the statute of limitations was tolled because the constitutionality of the statute creating a lien was attacked in the earlier action. *City of Phoenix v. Sittenfeld,* 53 Ariz. 240, 88 P.2d 83 (1939), does not stand for so broad a proposition. Rather, it holds that where one action is a legal prerequisite to another, the statute as to the second action is tolled during the pendency of the first. *Arizona Management Corp. v. Kallof,* 142 Ariz. 64, 688 P.2d 710 (App.1984); *Desruisseau v. Cameron,* 125 Ariz. 511, 611 P.2d 98 (App.1980). It should not be read to allow piecemeal litigation. Nothing in the earlier action in this case prevented a timely foreclosure claim. Indeed, it appears that foreclosure should have been sought by way of compulsory counterclaim in that action. To allow the Department not to foreclose until an earlier action is resolved is simply to invite both delay and the multiplicity of litigation that the rules of procedure and statutes of limitation were designed to prevent.

The judgment is affirmed. Appellees are awarded their attorneys' fees on appeal in an amount to be determined upon the filing of the statement required by Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

ROLL and FERNANDEZ, JJ., concur.