IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

JEANNINE LIBERTI,
AN ARIZONA CITIZEN AND RESIDENT,
*Plaintiff/Appellant*,

*v.*

THE CITY OF SCOTTSDALE, A PUBLIC ENTITY,
*Defendant/Appellee*.

No. 2 CA-CV 2024-0082
Filed October 25, 2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022002189
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

---

COUNSEL

Ahwatukee Legal Office P.C., Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Sherry R. Scott, Scottsdale City Attorney
By Lori S. Davis, Deputy City Attorney, Scottsdale
*Counsel for Defendant/Appellee*

## OPINION

Presiding Judge Sklar authored the opinion of the Court, in which Vice Chief Judge Eppich and Judge Brearcliffe concurred.

S K L A R, Presiding Judge:

¶1 We address in this case whether an abuse-of-process claim against a public entity can accrue before the alleged onset of the plaintiff's emotional distress. As alleged by Jeannine Liberti, her emotional distress did not begin until the United States Supreme Court denied certiorari in her federal litigation against the City of Scottsdale, which underlies her abuse-of-process claim. She seeks no damages other than for emotional distress. Thus, she alleges that her cause of action accrued on the date certiorari was denied. This was fewer than 180 days before she served the notice of claim required by A.R.S. § 12-821.01(A). She therefore argues that the superior court erred in granting the City's motion to dismiss for failure to submit a timely notice of claim.

¶2 The accrual date is governed by A.R.S. § 12-821.01(B). Under that statute, a cause of action against a public entity accrues when the plaintiff "realizes he or she has been damaged and knows or reasonably should know" the cause of the damage. § 12-821.01(A), (B). But even though Liberti seeks only emotional-distress damages, those are not the only damages available for abuse of process. Assuming, as we must, that the well-pleaded facts of Liberti's complaint are true, she should have known of other damages no later than the conclusion of the trial-court proceedings in the federal case. This occurred years before she served the City with her notice of claim. We therefore conclude that the superior court properly dismissed Liberti's complaint, and we affirm that dismissal.

## BACKGROUND

¶3 Because we are reviewing the grant of a motion to dismiss, we assume the truth of all the complaint's well-pleaded facts. *Coleman v. City of Mesa*, 230 Ariz. 352, ¶¶ 7, 9 (2012). This case follows an earlier federal lawsuit that Liberti filed in 2017 against the City of Scottsdale. *See Liberti v. City of Scottsdale*, No. CV-17-02813-PHX-DLR, 2018 WL 4335442 (D. Ariz. Sept. 11, 2018), *aff'd*, 816 F. App'x 89 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1387 (2021). The complaint alleged wrongful death and a violation of

federal constitutional and civil rights arising from the death of her son. *Id.* The United States District Court granted the City's motion for summary judgment. *Id.* at \*6. Liberti appealed to the Ninth Circuit Court of Appeals, which affirmed the district court's ruling. *Liberti v. City of Scottsdale*, 816 F. App'x 89, 90 (9th Cir. 2020) (mem.). She sought review from the United States Supreme Court, which denied certiorari on February 22, 2021. *Liberti v. City of Scottsdale*, 141 S. Ct. 1387 (2021).

¶4            On or about June 16, 2021, Liberti filed with the City a notice of claim that detailed the allegations of this case. She then filed her complaint on February 22, 2022. It alleged that the City committed several torts, including abuse of process, during the federal litigation. The alleged abuse of process occurred during discovery, when the City "concealed" and otherwise "tampered" with body-camera evidence and caused Liberti to lose her case. Liberti alleged that she "suffered extreme and lasting emotional anxiety, upset, and distress." As noted, the complaint alleged no other damages. The City moved to dismiss, arguing that the complaint was an improper attack on the federal judgment and presented causes of action Arizona does not recognize. The superior court granted the motion and dismissed the case.

¶5            Liberti appealed that dismissal to this court. *See Liberti v. City of Scottsdale*, No. 1 CA-CV 22-0599, 2023 WL 4078539 (Ariz. App. June 20, 2023) (mem. decision). We affirmed the dismissal of three unrecognized causes of action. *Id.* ¶¶ 15-16. But we remanded the abuse-of-process claim for the superior court to decide "on its merits." *Id.* ¶¶ 18-19, 22. We did not consider the City's assertion that the notice of claim was untimely under Section 12-821.01(A)'s 180-day time limit. *Id.* ¶¶ 19-20. The City had not raised that issue in its motion to dismiss. *Id.*

¶6            On remand, the City again moved to dismiss. Liberti then filed an amended complaint, which the City again moved to dismiss, this time asserting that the notice of claim was untimely. The superior court granted the City's motion. This appeal followed.

## PRELIMINARY PROCEDURAL ISSUES

¶7            Liberti makes two procedural arguments that, in her view, preclude the City from asserting the timeliness defense under Section 12-821.01(A). First, she argues that the City waived that defense. Second, she argues that by dismissing the claim based on that defense, the superior court violated this court's mandate to consider the case "on its merits."

## I. Whether the City waived the timeliness defense

**¶8** Liberti argues that the City waived the timeliness defense by waiting to raise it until her first appeal to this court. The City's first motion to dismiss did not raise that defense, but it did contain a footnote "expressly preserving" the related statute-of-limitations defense. *See* A.R.S. § 12-821 (one-year limitations period for "[a]ll actions against any public entity or public employee"). In general, as Liberti notes, a defendant must assert affirmative defenses or they are waived on appeal. Ariz. R. Civ. P. 8(d)(1)(P); *Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, n.4 (App. 2007) (assuming that defendant who fails to plead statute of limitations "does not desire its protection" (quoting *Trujillo v. Trujillo*, 75 Ariz. 146, 148 (1953))).

**¶9** But Liberti incorrectly applies this rule. The requirement that a party assert affirmative defenses to avoid waiver applies to pleadings. *See* Ariz. R. Civ. P. 8(d)(1). Motions to dismiss under Rule 12(b)(6) are not pleadings. Ariz. R. Civ. P. 7; *Balestrieri v. Balestrieri*, 232 Ariz. 25, ¶ 4 (App. 2013) (pleadings are limited to "a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint and an answer to a third-party complaint"). Liberti has pointed to no authority suggesting that a party waives an affirmative defense by not raising it in a motion to dismiss. Instead, she inaccurately cites *City of Phoenix v. Fields*, 219 Ariz. 568, ¶ 27 (2009), for the proposition that "[d]efenses omitted from a Rule 12 motion are 'waived.'" But *Fields* actually states, "Defenses omitted from *an answer* or a Rule 12 motion are . . . waived." *Id.* (emphasis added). And the City has not yet filed an answer, so it cannot have waived the timeliness defense.

**¶10** Nor would it make sense to require that all affirmative defenses be raised in a Rule 12 motion. Complaints are not required to plead facts to negate motions to dismiss. *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, ¶ 15 (2021). Thus, requiring defendants to assert all affirmative defenses in a motion to dismiss would force defendants to file frivolous motions to avoid waiver. *See Valerie M. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 155, ¶ 19 (App. 2008) (stating that we construe rules in accordance with their plain meaning absent ambiguous language or construction that would create absurd result).

**¶11** Such a requirement would also conflict with both our rules and our case law. The rules require a party to file an answer—the defendant's first pleading—after a motion to dismiss is denied. Ariz. R. Civ. P. 12(a)(2)(A). That is where the defendant would be required to assert the timeliness defense. Ariz. R. Civ. P. 12(b). A defendant may also seek

leave to amend an answer to assert a new defense at any time before trial. Ariz. R. Civ. P. 15(a)(1), (2); *see also Sirek v. Fairfield Snowbowl, Inc.*, 166 Ariz. 183, 186 (App. 1990) ("A court may properly allow a defendant to amend an answer to include an omitted defense as long as the plaintiff is not surprised or prejudiced thereby."). Consistent with this rule, our court concluded that waiver of a statute-of-limitations defense is effective only "if not asserted prior to judgment." *Romo v. Reyes*, 26 Ariz. App. 374, 376 (1976).

¶12 Liberti's waiver argument also relies on Rule 12(g)(2). That rule provides that once a party moves to dismiss under Rule 12(b), it "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Although the City elected not to assert a timeliness defense in its first motion to dismiss, we conclude that Rule 12(g)(2) does not apply here. The City asserted that defense only after an amended complaint, to which it was required to respond. *See* Ariz. R. Civ. P. 15(a)(5) (requiring opposing party to "answer or otherwise respond to an amended pleading" if the pleading requires response).

¶13 Even if Rule 12(g)(2) barred the motion, the City was free to raise a substantively identical motion for judgment on the pleadings under Rule 12(c). *See* Ariz. R. Civ. P. 12(h)(2); *see also Ray & Lindsay - 11, LLC v. Town of Gilbert*, 252 Ariz. 147, ¶ 3 (App. 2021) (applying motion-to-dismiss standard to motion for judgment on pleadings). It could have done so at the same time it moved to dismiss the amended complaint. Ariz. R. Civ. P. 12(c). At best, then, the City made a nomenclature mistake. We will not reverse due to technical errors in pleadings. Ariz. Const. art. VI, § 27. We instead conclude that the City did not waive the timeliness defense.

## II. Whether the superior court complied with this court's mandate to adjudicate the abuse-of-process claim on the merits

¶14 We next address Liberti's argument that the superior court's dismissal violated this court's mandate to adjudicate the abuse-of-process claim "on its merits." We see no such violation. Nothing in this court's prior decision substantively addressed timeliness or the statute of limitations, nor did that decision preclude the City from raising those defenses. Our decision noted only that the City's original motion had not raised them. *Liberti*, No. 1 CA-CV 22-0599 at *3.

¶15 In this context, we see no contradiction between this court's "on its merits" language and a dismissal for failure to timely file a notice of

claim. Although our case law does not clearly state whether a dismissal on this ground is an adjudication on the merits, it does not preclude that conclusion. *See, e.g.*, *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506 (App. 1987) (noting dismissal under Rule 12(b)(6) is dismissal on the merits and has "*res judicata* effect"); *Montaño v. Browning*, 202 Ariz. 544, ¶ 4 (App. 2002) ("claims that are clearly brought outside the relevant limitations period are conclusively barred"). We therefore will not interpret this court's mandate as depriving the City of a defense that it had not otherwise waived.

## ABUSE-OF-PROCESS CLAIM ACCRUAL UNDER A.R.S. § 12-821.01(B)

**¶16**　　　　Turning to the substance of Liberti's accrual argument, she argues that her abuse-of-process claim did not accrue until the Supreme Court denied certiorari in February 2021. She points to that date as the onset of her emotional distress, when she learned that her case against the City was definitively over.

**¶17**　　　　We review the superior court's Rule 12(b)(6) dismissal for failure state a claim de novo. *Coleman*, 230 Ariz. 352, ¶ 7. We apply that same standard to questions of law concerning a cause of action's accrual and statutes of limitations. *Satamian v. Great Divide Ins. Co.*, 257 Ariz. 136, ¶ 11 (2024). Under Rule 12(b)(6), dismissal is appropriate if a plaintiff "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. 352, ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, ¶ 4 (1998)). We assume the truth of all well-pleaded factual allegations and consider all such reasonable inferences. *Id.* ¶ 9.

## I.　　Standard for accrual of claims against public entities

**¶18**　　　　In general, a limitations period begins running when a cause of action accrues. *Sato v. Van Denburgh*, 123 Ariz. 225, 227 (1979). As noted above, under Section 12-821.01(B), a claim against public entities accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." Under this statute, "[a] plaintiff need not know *all* the facts underlying a cause of action to trigger accrual. But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Thompson v. Pima County*, 226 Ariz. 42, ¶ 12 (App. 2010) (quoting *Doe v. Roe*, 191 Ariz. 313, ¶ 32 (1998)). This inquiry turns on when the

plaintiff's "knowledge, understanding, and acceptance in the aggregate provide[] sufficient facts to constitute a cause of action." *Little v. State*, 225 Ariz. 466, ¶ 9 (App. 2010) (quoting *Walk v. Ring*, 202 Ariz. 310, ¶ 23 (2002)).

**¶19**         Accrual triggers the 180-day limitation for serving a notice of claim. § 12-821.01(A). We strictly construe this time limitation. *See City of Mesa v. Ryan*, No. CV-23-0284-PR, ¶ 2, 2024 WL 4509603 (Ariz. Oct. 17, 2024) (stating plaintiff must "timely file a statutorily compliant notice of claim" to sue under § 12-821.01). The accrual date marks the beginning of both a notice of claim's limitations period and the complaint's one-year statute of limitations. *Boyd v. State*, 256 Ariz. 414, ¶ 10 (App. 2023); A.R.S. §§ 12-821, 12-821.01(A), (B).

**¶20**         As applied to abuse-of-process claims, this court concluded in *Cruz v. City of Tucson*, 243 Ariz. 69, ¶ 9 (App. 2017), that accrual occurs when two elements are met. First, the plaintiff was "aware she had been injured by the City's action." *Id.* Second, the plaintiff "was put on notice to investigate these issues." *Id.* Accrual may occur before the underlying litigation proceeds to final judgment. *Id.* ¶ 22.

## II.     Date that Liberti had notice to investigate

**¶21**         We start with the second element, as its application here is straightforward. Construing the well-pleaded facts in the light most favorable to Liberti, that element was satisfied no later than September 11, 2018, when the district-court litigation concluded.

**¶22**         By that point, Liberti was necessarily on notice of any problems with the body-camera's footage. All the complaint's allegations about that footage concern its disclosure—or lack thereof—in the district court. No disclosure or discovery would have occurred after that point, when the case was on appeal. And the complaint contains no allegations that Liberti failed to recognize the problems with the footage after the district-court litigation concluded.

## III.    Date that Liberti became aware of the injury

**¶23**         Liberti's appeal focuses primarily on the first element imposed by *Cruz*—the date she became aware she had been injured. She argues that this did not occur until the Supreme Court denied certiorari in February 2021, when she suffered the "'terrible, wrenching, shocking realization' of the City's final success in its perfidy." In her view, the cause of action could not have accrued until she sustained these

emotional-distress damages because damages are a necessary element of an abuse-of-process claim.

¶24　　　　To support this argument, Liberti points to case law holding that damages are an element of a tort claim and that a cause of action does not accrue until all of a claim's elements exist. *See, e.g.*, *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340 (1993) (recognizing strict liability and negligence as causes of action to recover damages); *Piner v. Superior Court*, 192 Ariz. 182, ¶ 11 (1998) (requiring damages to sustain negligence claim); *Glaze v. Larsen*, 207 Ariz. 26, ¶ 13 (2004) (requiring damages as element in attorney-malpractice claim).

¶25　　　　Our abuse-of-process case law has never explicitly identified damages as an element. Rather, it defines the elements as: "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, ¶ 11 (App. 2004) (quoting *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1982)). *But see id.* ¶ 42 (referring to "damage element of the tort"). Liberti, however, asks us to conclude that damages are an element. She notes that the Revised Arizona Jury Instructions provide that they are. Revised Arizona Jury Instructions (RAJI) (Civil) Intentional Torts 21 (Abuse of Process—Elements of Liability) (7th ed. 2013). In her view, it follows that the claim did not accrue until it caused her emotional damages.

¶26　　　　We need not decide whether damages are an element of abuse of process. Regardless of whether they are, Section 12-821.01(B) provides that when the defendant is a public entity, as is the case here, accrual cannot occur until the plaintiff becomes aware that she has sustained damages. Thus, the existence of damages is a statutory prerequisite for accrual.

¶27　　　　As to when Liberti became aware of her damages, her argument relies on the unstated premise that accrual did not occur until she sustained the specific damages alleged in the complaint—emotional distress. But emotional-distress damages are not the only type of damages recoverable for abuse of process. *See, e.g.*, *Crackel*, 208 Ariz. 252, ¶¶ 2, 25-26; *Nienstedt*, 133 Ariz. at 350-52, 357. A party may also recover expenses incurred in the underlying litigation due to the alleged abuse. *Nienstedt*, 133 Ariz. at 350-52, 357. A plaintiff's awareness that she will incur any such damages triggers accrual under Section 12-821.01(B). That statute looks only to the existence of "damages," not any particular category of damages. *Id.*; *cf. Com. Union Ins. Co. v. Lewis & Roca*, 183 Ariz. 250, 255 (App. 1995) (in malpractice context, accrual begins "before the client sustains all, or even

the greater part, of the damages" (quoting *Ariz. Mgmt. Corp. v. Kallof*, 142 Ariz. 64, 68 (App. 1984))).

¶28 Here, the complaint references damages of which Liberti became aware no later than the conclusion of the district-court litigation. It alleges that Liberti "was unable to convince the federal district court that there were genuine issues of material fact" in the wrongful-death case. That in turn necessitated an appeal, which involved expense and delay.

¶29 It is of no consequence that Liberti's complaint seeks only emotional-distress damages and not those expenses or other potential damages. Accrual does not depend on a party's pleading decisions. *See Hall v. Romero*, 141 Ariz. 120, 123-25 (App. 1984) (holding statute of limitations accrued when plaintiffs first learned of injuries, not after defendant failed to comply with attorney-general settlement or when plaintiffs sought leave to include fraud claim). If it did, a plaintiff could circumvent a timeliness or statute-of-limitations defense simply by pleading only the damages that had occurred within the relevant period before the notice of claim or complaint was filed. Liberti points to no case in which our courts have adopted this view. Indeed, her position is inconsistent with our case law explaining that a plaintiff need not know all applicable facts to trigger accrual but simply that a wrong occurred and caused injury. *Thompson*, 226 Ariz. 42, ¶ 12. To the extent Liberti is inviting us to modify this case law, we see no basis for doing so.

## IV. Applicability of continuing-tort doctrine

¶30 Finally, Liberti argues that we should apply the continuing-tort doctrine. That doctrine provides that where a tort is ongoing, the cause of action does not accrue until the last tortious act. *Id.* ¶ 20. We rejected an identical argument in *Cruz*, where the alleged abuse of process involved an ongoing failure to disclose documents. *Id.* ¶¶ 2-5, 20. There, we looked to the date of the last wrongful act to determine the point of accrual. *Id.* ¶¶ 9, 20.

¶31 Unlike the plaintiff in *Cruz*, Liberti only alleged the City had committed one act of wrongdoing—providing altered evidence in the district-court litigation. We therefore need not address Liberti's arguments concerning whether her allegations otherwise stated a claim for abuse of process.

## DISPOSITION

¶32        We affirm the court's dismissal of the abuse-of-process claim.